# **CONFIDENTIAL SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement"), effective as of the date of the last signature below (the "Effective Date"), is made and entered into by and between Rare Breed Triggers, LLC ("Rare Breed"), a North Dakota limited liability company, and ABC IP, LLC ("ABC"), a Delaware limited liability company , (collectively, "Plaintiffs") on the one hand, and Big Daddy Enterprises, Inc. ("BDE"), a Florida corporation, Big Daddy Unlimited, Inc. ("BDU"), a Florida corporation , Wide Open Enterprises, LLC ("WOE"), a New Mexico limited liability company, We Got Ammo, Inc. ("WGA"), a Florida corporation, Anthony McKnight, an individual residing in Florida, Sherrie McKnight, an individual residing in Florida, and Douglas Rios, an individual residing in Florida, ("the '149 Defendants") and Big Daddy Unlimited, Inc., Big Daddy Enterprises, Inc., and Blackstock, Inc. ("the '061 Defendants") (collectively, "Defendants") on the other. Each of the Plaintiffs or Defendants may be referred to herein separately as a "Party" or collectively as the "Parties."

WHEREAS, on September 15, 2021, Plaintiffs filed a lawsuit against the '061 Defendants in the U.S. District Court for the Northern District of Florida, styled *Rare Breed Triggers, LLC, et al. v. Big Daddy Enterprises, Inc., et al.,* Civil Action No. 1:21-cv-149 and on March 8, 2022, filed a lawsuit against the '149 Defendants in the U.S. District Court for the Northern District of Florida, styled *Rare Breed Triggers, LLC, et al. v. Big Daddy Unlimited, Inc., et al.,* Civil Action No. 1:22-cv-61 (the "Civil Actions"), asserting claims for patent infringement;

WHEREAS, on January 28, 2022, Rare Breed filed a lawsuit against BDU in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida styled *Rare Breed Trigger, LLC v. Big Daddy Unlimited, Inc.*, Case No. 2022-ca-000863-o ("the State Action");

WHEREAS, in the State Action Rare Breed asserted claims for nonpayment of certain invoices;

WHEREAS, in the Civil Actions, Plaintiffs asserted infringement of United States Patent No. 10,514,223 ("the '223 Patent");

WHEREAS, ABC is the owner of the '223 Patent;

WHEREAS, Rare Breed is the exclusive licensee to sell products covered by the '223 Patent;

1

WHEREAS, Defendants have sold forced reset triggers (i.e., the Wide Open WOT trigger and the Powered By Graves ALAMO-15 trigger) that Plaintiffs asserted are covered by claims of the '223 Patent; and

WHEREAS, the Parties have engaged in settlement discussions and have reached this Agreement to resolve the dispute underlying the Civil Actions and the State Action on the terms and conditions stated in this Agreement.

NOW THEREFORE, in consideration of the recitations, mutual promises, and covenants set forth in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree to the following:

1. The Parties will jointly move the Court for entry of a Consent Judgment and Permanent Injunction in the Civil Actions with each party to bear its own fees, costs and expenses. Rare Breed will dismiss with prejudice the State Action with each party to bear its own fees, costs, and expenses.

2. Defendants admit that the Wide Open WOT Trigger and Powered By Graves ALAMO-15 trigger infringe the '223 Patent, affirm the validity and enforceability of the '223 Patent, and agree not to challenge the same in any forum and waive defenses to enforceability against the '223 Patent. Defendants agree to not assist any other individual or entity in challenging the validity, enforceability, or scope of the '223 Patent in any forum.

3. As used throughout this agreement, "Forced Reset Trigger" means any fire control group where movement of the action causes the trigger member to be forced to the fully reset position, including those described as "hard reset" or "positive displacement."

4. As compensation, Defendants will deliver to Rare Breed or Rare Breed's representative to a designated location in North Dakota agreed upon merchandise packaged and in new, salable condition. Goods will be considered received and title transferred upon delivery. Should the need arise for Rare Breed to prove ownership of the merchandise, Defendants will cooperate to provide evidence of transfer and ownership of the merchandise.

5. Defendants represent and warrant that they have clear title to the merchandise.

6. Wide Open Enterprises, LLC represents and warrants that it has a provisional patent application titled "Wide Open Trigger" ("Provisional

Application") pending before the U.S. Patent and Trademark Office ("USPTO"), Application Number 63/219,223, filed July 7, 2021.

7. Wide Open Enterprises, LLC agrees to assign the Provisional Application to ABC. Mr. Douglas Rios, as the listed inventor on the Provisional Patent, agrees to sign any documents required by the USPTO to make ABC the assignee of the Provisional Application and all patent rights.

   a. Concurrent with execution of this Agreement, Wide Open Enterprises, LLC will assign all right, title, and interest in and to the invention ("Invention") described in the pending U.S. Provisional Patent Application No. 63/219,223, titled "Wide Open Trigger," filed July 7, 2021 ("Provisional Patent Application"), to ABC in the form attached hereto as Exhibit A.

   b. Wide Open Enterprises, LLC and Douglas Rios represent and warrant that no other party has any ownership interest or claim to any aspect of the Invention and that they have no other pending patent application or issued patent relating to a forced reset trigger.

   c. At ABC's sole discretion, control, and cost, it may file and prosecute a nonprovisional U.S. Patent Application ("Nonprovisional Patent Application") based on the Provisional Patent Application. Douglas Rios will cooperate and execute documents as may be needed to file and prosecute the Nonprovisional Patent Application.

8. The <wideopentriggers.com>, <wideopentrigger.com>, <wotar15.com>, <alamo15.com>, <alamotrigger.com>, <poweredbygraves.com>, <poweredbygrave.com>, <poweredbygraves.net>, <rarebreedtrigger.com>, <lawrencedemonico.com>, <thomasallengraves.com>, <tommytrigger.com> and any other related domain names and websites will be assigned and transferred to an entity designated by Plaintiffs.

9. Defendants will take no further action against the seizure or civil forfeiture of all triggers seized by the U.S government without Plaintiffs' approval.

10. The Parties represent and warrant that they have not assigned or transferred any rights or claims against the other parties. The terms and conditions of this Agreement shall be binding upon respective successors and assigns of the Parties, such as any acquiror of the business or substantially all of the assets of a Party.

11. Defendants agree to no longer produce or sell Forced Reset Triggers or parts that can be used as part of Forced Reset Triggers.

12. The Parties agree that all terms of this Agreement, including representations and warranties, are material.

13. The Parties agree to refrain from any disparagement, defamation, libel, or slander of any other Party through any medium. Each Party further agrees that, if requested for a statement regarding this settlement by any third-party the Party shall provide the following statement: "The parties have agreed to a confidential settlement of all disputes."

14. This Agreement replaces and supersedes any written or oral understanding between the parties with respect to settlement of the Civil Actions.

15. Any dispute regarding this Agreement will be resolved through confidential private arbitration before a mutually agreeable arbitrator.

16. All terms of this Agreement, including all representations and warranties, are material terms of the Agreement. The Parties acknowledge that a breach of, or misrepresentation in, any provision of this Agreement by any of the Parties would result in irreparable injury and that it would be difficult or impossible to establish the full monetary value of such damage or recovery. Therefore, in the event of a breach of this Agreement by any Party, liquidated damages in the amount of $1,000,000 will become immediately jointly and severally due and payable to the Damaged Party. If a breach by any or all of the Defendants includes the manufacture or sale of any trigger unit or trigger part prohibited by this Agreement, Defendants will also pay ABC additional liquidated damages of $1,000 per part. In addition to these liquidated damages, Plaintiffs will also be entitled to injunctive relief and to recover its costs, including reasonable attorneys' fees, in enforcing this Agreement.

17. Except as set forth in the provisions and obligations contained in this Agreement, each of the Parties for themselves, their employees, officers, directors, attorneys, representatives, successors, heirs and assigns, unconditionally releases, acquits and forever absolutely discharges each of the other Parties and one another's employees, officers, directors, attorneys, successors, heirs and assigns, from any and all actions, causes of action, claims, debts, defenses, disabilities, accounts, demands, damages, claims for indemnification, or contribution, costs, expenses or fees whatsoever, whether arising in the United States or elsewhere,

whether known or unknown, certain or speculative, asserted or unasserted on account of or in any way concerning the subject matter of this Agreement, occurring prior to the Effective Date. Nothing in this Agreement may be construed as a limitation on either party's right to bring any cause of action against another Party or against any third party based on events occurring after the Effective Date.

18. This Agreement is a fully negotiated document, it is deemed to have been jointly drafted by the Parties and is not to be strictly construed against any Party as the draftsman. The Agreement will become binding on the Parties as of the date last executed, which will be the Effective Date of this Agreement. The Parties acknowledge that, in executing this Agreement, they carefully reviewed or had the opportunity to review its terms with counsel of their choice and are fully aware of the extent of their rights and obligations under this Agreement.

19. If any provision of this Agreement is declared or determined by any court to be invalid or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected.

20. Any failure or delay by any Party, or by any of their respective representatives, in exercising any right, power, or privilege under this Agreement shall not operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege under this Agreement preclude any other future exercise of any right, power, or privilege.

21. This Agreement may not be modified orally and may only be modified by an agreement in writing signed by all Parties.

22. This Agreement is binding upon, inures to the benefit of, and delegates all duties of the Parties, their officers, agents, directors, affiliates, legal representatives, employees, successors, heirs and assigns.

23. The Parties agree to jurisdiction and venue of the Northern District of Florida and the Parties agree to continuing jurisdiction of this Court for enforcement of the Agreement. The Agreement shall be governed by Florida law, without regard to choice-of-law principles.

24. The Parties will keep all terms of this Agreement strictly confidential and will not disclose those terms beyond the individuals and entities involved. The Parties further agree that they have not and will not give information to any other third-party, including competitors, media, or any government agency regarding the transfer, location or origin of the merchandise. The Parties are not restricted from disclosure should legal enforcement of this Agreement or its terms become

necessary. Notwithstanding this provision, the Patent Rights Assignment can be recorded in the U.S. Patent and Trademark Office.

25.  The Parties respectively represent and warrant that they have the full legal right and authority to enter into this Agreement and to perform any obligations undertaken pursuant to this Agreement, that the persons signing on their behalf are legally authorized to do so and that they have not sold, assigned, or otherwise transferred, prior to the date of this Agreement, any claim or demand which they had or might have had against the other Party or Parties.

26.  The undersigned individuals warrant and represent that they have full authority to execute and perform this Agreement on behalf of the entities or persons for which they have signed. This Agreement may be executed in counterparts, all of which, when taken together, constitute one agreement with the same force and effect as if all signatures had been entered on one document. Photocopies, facsimile transmissions, PDFs, and other reproductions of this executed original (with reproduced signatures) shall constitute original counterparts of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives on the days and year shown.

**PLAINTIFFS:**

| **RARE BREED TRIGGERS, LLC** | **ABC IP, LLC** |
|---|---|
| By: _____ | By: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |

6

**DEFENDANTS:**

| | |
|---|---|
| **Big Daddy Enterprises, Inc.** | **Big Daddy Unlimited, Inc.** |
| _____ | _____ |
| Anthony McKnight, CEO | Anthony McKnight, CEO |
| Date: 9/22/22 | Date: 9/22/22 |
| | |
| **Wide Open Enterprises, LLC** | **We Got Ammo, Inc.** |
| _____ | _____ |
| Douglas Rios, President | Douglas Rios, President |
| Date: _____ | Date: _____ |
| | |
| **Blackstock, Inc.** | **Douglas Rios** |
| _____ | _____ |
| Anthony McKnight, CEO | Douglas Rios |
| Date: 9/22/22 | Date: _____ |
| | |
| **Anthony McKnight** | Sherrie McKnight |
| _____ | _____ |
| Anthony McKnight | Sherrie McKnight |
| Date: 9/22/22 | Date: 9/22/22 |

2

**DEFENDANTS:**

**Big Daddy Enterprises, Inc.**

_____
Anthony McKnight, CEO

Date: _____

**Big Daddy Unlimited, Inc.**

_____
Anthony McKnight, CEO

Date: _____

**Wide Open Enterprises, LLC**

_____
Douglas rios (Sep 22, 2022 11:52 MDT)

Douglas Rios, President
Date: Sep 22, 2022

**We Got Ammo, Inc.**

_____
Douglas rios (Sep 22, 2022 11:52 MDT)

Douglas Rios, President
Date: Sep 22, 2022

**Blackstock, Inc.**

_____
Anthony McKnight, CEO

Date: _____

**Douglas Rios**

_____
Douglas rios (Sep 22, 2022 11:52 MDT)
Douglas Rios
Date: Sep 22, 2022

**Anthony McKnight**

_____
Anthony McKnight

Date: _____

**Sherrie McKnight**

_____
Sherrie McKnight

Date: _____

2

## Exhibit A

## Patent Rights Assignment

This Patent Rights Assignment ("**Assignment**") is made, executed and delivered by Wide Open Enterprises, LLC ("WOE"), a New Mexico limited liability company, ("**Assignor**"), and ABC IP, LLC, a Delaware limited liability company ("**Assignee**"), pursuant to the terms and subject to the conditions of a Confidential Settlement Agreement, of even date herewith, to which Assignor and Assignee are parties (the "Settlement Agreement").

**WHEREAS**, Assignor has agreed to assign and transfer to Assignee, and Assignee has agreed to accept and assume from Assignor, all of Assignor's right, title and interest in, to, and under the invention described in United States Provisional Patent Application No. 63/219,223, titled "Wide Open Trigger," filed July 7, 2021 (the "Invention").

**NOW, THEREFORE**, on the terms and subject to the conditions of the Settlement Agreement and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Assignor hereby irrevocably sells, assigns, transfers, conveys and delivers to Assignee, and Assignee hereby accepts from Assignor, all of Assignor's right, title and interest in, to and under the Patents, including, without limitation, (i) any United States, international and foreign counterparts or equivalents of any of the foregoing, applications or certificates of invention based upon or covering any portion of any of the foregoing, (ii) any reissues, divisionals, renewals, extensions, provisionals, continuations, continuations-in-part, reexaminations, substitutions or revisions of any of the foregoing, (iii) any other patents, applications or extensions that claim priority to or through any of the foregoing; (iv) any inventions disclosed in any of the foregoing; (v) choses in action and rights to sue, recover and collect for any past, present or future infringements of the Patents; and (vi) corresponding rights that, now or hereafter, may be secured throughout the world with respect to the Patents.

2. Assignor grants any attorney of the law firm of Wood Herron & Evans LLP the power to insert on this Assignment any further identification that may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office, or rules of other entities including but not limited to United States or foreign governments or patent offices, for recordation of this document. Assignee shall have the right to file or record this Assignment and any additional assignment documents with the United States Patent and Trademark Office and any other equivalent authority, entity or agency anywhere else in the world, and Assignor hereby authorizes and request the Commissioner of Patents and Trademarks and any such equivalent authorities, entities or agencies to record Assignee as the owner of the Patents.

3. Assignor shall execute such other or additional instruments of transfer or conveyance and undertake such other or additional actions in respect of the Patents as are reasonably requested by the Assignee, including any applicable forms of assignment necessary for filing before the U.S. Patent and Trademark Office, or equivalent filings in foreign jurisdictions, to effectuate the full and complete transfer of the Patents to the Assignee.

3

4. This Assignment may be executed in any number of counterparts (which may be delivered by facsimile or email), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties have caused this Patent Assignment to be executed this ____ day of _____, 2022.

**WIDE OPEN ENTERPRISES, LLC**

By: _____
Douglas rios (Sep 22, 2022 11:52 MDT)
Douglas Rios, Managing Member

**ABC IP, LLC**

By: _____
Cole Leleux, Managing Member

4

# Rare Breed - WOT ALAMO Settlement Agreement FINAL

Final Audit Report                                                          2022-09-22

| | |
|---|---|
| Created: | 2022-09-22 |
| By: | Michael Smith (mjsmithjd@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAADN9aAaEnfpaSNe8dXm5VCTd7vXtteBtO |

## "Rare Breed - WOT ALAMO Settlement Agreement FINAL" History

- Document created by Michael Smith (mjsmithjd@gmail.com)
  2022-09-22 - 5:46:05 PM GMT- IP address: 70.169.186.38

- Document emailed to dugyrios86@gmail.com for signature
  2022-09-22 - 5:48:34 PM GMT

- Email viewed by dugyrios86@gmail.com
  2022-09-22 - 5:49:41 PM GMT- IP address: 172.225.24.25

- Signer dugyrios86@gmail.com entered name at signing as Douglas rios
  2022-09-22 - 5:52:45 PM GMT- IP address: 174.208.243.141

- Document e-signed by Douglas rios (dugyrios86@gmail.com)
  Signature Date: 2022-09-22 - 5:52:47 PM GMT - Time Source: server- IP address: 174.208.243.141

- Agreement completed.
  2022-09-22 - 5:52:47 PM GMT

**Adobe Acrobat Sign**