IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC.,

    Plaintiff,

v.                                            CASE NO. 1:25cv181-RH-MAF

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/


ORDER DENYING THE MOTION TO SEAL,
DENYING A TEMPORARY RESTRAINING ORDER,
AND SETTING PROCEDURES ON THE MOTION
<u>FOR A PRELIMINARY INJUNCTION</u>

      The plaintiff filed the complaint initiating this action on July 1, 2025. The plaintiff moved for an ex parte temporary restraining order and for a preliminary injunction. And the plaintiff moved for leave to file the complaint and motions—apparently the entire file—under seal. The clerk has maintained the file under seal pending a ruling on the motion to seal. This order denies the motion to seal, denies an ex parte temporary restraining order, and sets procedures on the motion for a preliminary injunction.

I

As a prerequisite to a temporary restraining order or preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. *See, e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

Further, an *ex parte* temporary restraining order may issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

II

The plaintiff has not clearly shown that immediate harm will occur before the defendants can be heard in opposition to the plaintiff's motion for a temporary restraining order. This standing alone is a sufficient basis to deny ex parte relief.

III

The complaint asserts breach-of-contract and fraud claims that are governed by state law. The complaint alleges jurisdiction solely based on diversity of citizenship. But the complaint does not adequately allege the citizenship of the parties.

An individual's citizenship turns on domicile, not mere residence. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). A corporation is a citizen of each state where it is incorporated or has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of each state of which a member is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (remanding, on the circuit court's own motion, to determine whether diversity jurisdiction existed, and concluding that "a party must list the citizenships of all the members of the limited liability company.").

The complaint's jurisdictional allegations fall short in the following respects.

First, the complaint alleges the plaintiff Rare Breed Triggers, Inc. is incorporated in Texas and does business in Wichita Falls, Texas. Compl., ECF No. 1, at 9 ¶ 20. But the complaint does not allege the location of Rare Breed's principal place of business. This might be easily curable; Rare Breed's corporate disclosure statement says its principal place of business is in Texas. ECF No. 5.

Second, the complaint alleges all members of two defendant limited liability companies, Delta 7 LLC and C&C Holdings Group LLC, are domiciled in Florida. *Id*. at 7 ¶ 16. But for the third defendant limited liability company, Wide Open Enterprises, LLC, the complaint alleges only that there "is no evidence that any members" are citizens of Texas. *Id*. at 10 ¶ 24.

The complaint alleges the residence, but not the domicile, of three individual defendants: Malcolm Brown, Lea Andreoli, and Andrew Myers. *Id*. at 8–9 ¶ 18 & 11 ¶¶ 34–36.

In sum, the complaint's allegations, taken as true, are not sufficient to establish diversity of citizenship. Diversity jurisdiction might or might not be present. This standing alone is a sufficient basis to deny ex parte relief at this time. *See Travaglio*, 735 F.3d at 1269 ("[I]f a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.").

IV

The contract that is the primary basis of the complaint includes an arbitration clause. *See* ECF No. ECF No. 1-1 at 5 ¶ 15. This substantially diminishes the likelihood that Rare Breed will prevail on the merits in this court. *See* 9 U.S.C. § 3 (requiring a stay of actions when there is an issue referrable to arbitration under an arbitration agreement); *see also Smith v. Spizzirri*, 601 U.S. 472 (2024). It is not

even clear that all the defendants are subject to personal jurisdiction in Florida. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014). Nor is it clear Rare Breed will prevail on the fraud claims or that those claims would support emergency relief. This is an additional basis for denying ex parte relief at this time.

V

Rare Breed has not shown a sufficient basis to seal the file or any part of it. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). This is a public court system, and all parties, even those accused of egregious misconduct, are entitled to due process. *See, e.g.*, *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1255 n.12 (11th Cir. 2020); *Mercer v. Mitchell*, 908 F.2d 763, 767–68 (11th Cir. 1990).

Rare Breed says the defendants have concealed assets and destroyed evidence and will do it again if apprised of this motion. But that does not warrant allowing any of this to go forward ex parte. Moreover, the allegation of future misconduct is speculative. Upon notice of this litigation, the defendants will be aware of their duty to preserve evidence, even if they were not aware previously. The consequences of failing to do so may be severe. The governing law and possible sanctions, not secrecy, are the best available tools for preventing misconduct of the kind the plaintiff seeks to avoid.

This order directs the clerk to remove the seal.

## VI

For these reasons, and so that the motion for a preliminary injunction can be properly addressed after notice to the defendants,

IT IS ORDERED:

1. The motion to seal, ECF No. 2, is denied. The clerk must unseal the docket and maintain it in the ordinary course.

2. The motion for an ex parte temporary restraining order or for a preliminary injunction, ECF No. 2, is denied in part and remains pending in part. A temporary restraining order is denied. The request for a preliminary injunction remains pending.

3. By separate notice, the clerk must set a scheduling conference for July 10, 2025, at 2:00 p.m. Only matters of timing and procedure, not matters of substance, will be addressed at the conference. The conference will be conducted by telephone.

4. Rare Breed's attorneys must attempt to learn the identity of the defendants' attorneys as soon as possible. Rare Breed's attorneys must provide to the defendants' attorneys, immediately upon learning their identity—or, if their identities are already known, immediately upon receipt of this order—copies of:

- the complaint,
- the motion and supporting papers,

- this order, and

- the clerk's notice of hearing.

Copies must be provided by the most expeditious feasible method and, if different, by the most reliable method. The plaintiff must serve copies of the papers listed above on the defendants by noon on July 8, 2025, in the manner provided by law for service of process, if by that time the plaintiff's attorneys have not learned the identity of the defendants' attorneys.

5. The attorneys for all parties must confer prior to the scheduling conference in a good faith effort to reach agreement on the scheduling of a hearing on the motion for a preliminary injunction and on other procedural and substantive issues relating to the motion, including the need for live testimony and the admissibility of declarations.

6. The attorneys for all parties may confer regarding the date of the scheduling conference. It will be moved to another date available on the court's calendar if all parties agree. The courtroom deputy clerk must cooperate with the parties on the availability of other dates.

SO ORDERED on July 3, 2025.

s/Robert L. Hinkle  
United States District Judge