

50 Park Place, Suite 1105
Newark, NJ 07102

Josiah Contarino
Phone: 917-423-7221
jcontarino@dhillonlaw.com

July 10, 2025

VIA ECF
Honorable Robert L. Hinkle
United States District Judge
United States District Court
Northern District of Florida
111 N. Adams Street
Tallahassee, FL 32301-7730

> Re:    ***Rare Breed Triggers, Inc. v. Big Daddy Enterprises Inc., et al.***
> **Civil Action No. 1:25-cv-00181-RH-MAF**

Dear Judge Hinkle:

As Your Honor is aware, this firm represents Rare Breed Triggers, Inc. ("RBT" or "Plaintiff") in the captioned litigation. We write in advance of the scheduling conference set for later today at 2:00 PM (1) to provide a brief update on the status of service of Defendants in this matter, and (2) to enclose a proposed preliminary injunction hearing scheduling and case management order for the Court's consideration.

**Status of Service**

The following Defendants have been served, and affidavits of service have been uploaded:

- Big Daddy Enterprises, Inc.
- Big Daddy Unlimited, Inc.
- Blackstock, Inc.
- Performance Triggers, Inc.
- Atrius Development Group Corp.

At least one service attempt has been made on the following Defendants but has been unsuccessful:

- Wide Open Enterprises, LLC
  - Process server went to the address for the registered agent, Cindy's New Mexico LLC, but could not locate Cindy's. When the process server called the number associated with Cindy's to ask for the address where service could be affected, the person who answered hung up on the process server.

- We also called Cindy's and were advised that Cindy's is an online business only and does not accept physical service of documents. Cindy's further advised that it only accepts service of document sent via mail. We are next looking to serve via the Secretary of State.

- We Got Ammo, Inc. n/k/a WGA Global, Inc.
  - Service attempted at address for registered agent, which is a third-party open source office. A gentleman at the office stated that neither Defendant nor its registered agent were located at the address, refused to provide his name or current company residing in the building, and could not provide a name of or information on the landlord.

- Delta 7, LLC
  - Process server went to the last address listed with the Florida Secretary of State for Delta 7, LLC's registered agent, which was at a residential property. The current occupant stated that he moved in three months ago and was unfamiliar with the registered agent or Delta 7, LLC.

- C & C Holdings Group, LLC
  - Process server went to address listed as C & C Holdings Group, LLC's address as officer of Performance Triggers, Inc. in filings with Florida Secretary of State. The address is occupied by a different business, Happy Homes, the general manager of which said C & C Holdings Group, LLC is not located at the address. The address is the former location of Defendants Big Daddy Unlimited, Inc. and Big Daddy Enterprises, Inc.

- Christopher Rios
  - Two attempts. Residential property. No answer at door. Process server's card still on door from first attempt. Cars that were in driveway during previous attempt remain.

- Douglas Rios
  - Two attempts. Residential property. No answer at door. Process server's card still on door from first attempt. Cars that were in driveway during previous attempt remain.

- Andrew Myers
  - Process server went to the last known address for Andrew Myers, a residential property believed to be owned by his parents. A young man who appeared to be Myers' brother answered and told the server that Myers has moved away but refused to give any further information or take the server's business card.

- Anthony McKnight
  - Two attempts. Gated residential property and no response to process server's horn. Process server's card still on gate from first attempt.

July 10, 2025
Page 3 of 4

- Sherrie McKnight
  - Two attempts. Gated residential property and no response to process server's horn. Process server's card still on gate from first attempt.

- Malcolm Brown.
  - Two service attempts. The process server has heard voices in the residence both times and believes Defendant Brown is evading service.

- Lea Andreoli.
  - Two service attempts. The process server has heard voices in the residence both times and believes Defendant Andreoli is evading service.

After we received the Court's July 9, 2025, Order, we emailed it to defense counsel in the related matters (1:21-cv-00149-RH-HTC and 1:22-cv-61-RH-HTC), and to former in-house counsel for several of Defendants (and who is also listed as their registered agent). We advised that, for those Defendants already served with process, the Order directs that it should be emailed to those Defendants' counsel or to Defendants. Still not knowing who counsel is for any of the served Defendants, we advised that we would be sending the Order via email to officers of the served Defendants.

To that end, we emailed the July 9, 2025, Order to the following emails we located and believe to belong to officers of the served Defendants, and who are also individual Defendants: Anthony McKnight (tony@bigdaddyunlimited.com; tony@mcknight.biz); Douglas Rios (doug@egxaf.com; dugyrios86@gmail.com); Christopher Rios (chris@egxaf.com); Sherrie McKnight (sherrie@sherriemcknight.com); Malcolm Brown (contact@atrius.dev; malcolm@atrius.dev). The only non-deliverable notice received related to these email addresses was for Christopher Rios at chris@egxaf.com. We highlighted the impending scheduling conference and again provided the Notice of Hearing so the dial-in information was readily accessible. We also advised that any retained counsel has a duty to confer with our office in good faith to come to agreement on the preliminary injunction hearing date and related procedural and substantive issues.

We have not received notice from any attorney advising that he or she has been retained to represent any Defendant in this litigation.

### Proposed Preliminary Injunction Hearing Scheduling and Case Management Order

Because counsel for Defendants has not been identified, we have not been able to confer in good faith toward agreement on the preliminary injunction hearing date and related procedural and substantive issues. Nevertheless, we are providing for the Court's consideration a proposed preliminary injunction hearing scheduling and case management order acceptable to Plaintiff. While Plaintiff understands certain dates may require adjustment depending on service of, and appearance of counsel for, Defendants, we hope

July 10, 2025
Page 4 of 4

the general structure and process outlined will be acceptable to the Court.

Respectfully submitted,

DHILLON LAW GROUP INC.

By: */s/ Josiah Contarino*
        Josiah Contarino (*pro hac vice*)
        Jacob W. Roth

4929-0270-6004, v. 1