# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CASE NO.: 1:25-cv-00181-RH-MAF

**RARE BREED TRIGGERS, INC**., a
Texas corporation,

      Plaintiff,

v.

**BIG DADDY ENTERPRISES, INC**.,
et al.,

      Defendants.

_____/

## DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY THE CASE PENDING ARBITRATION

Defendants, ATRIUS DEVELOPMENT GROUP CORP., MALCOLM BROWN, and LEA ANDREOLI (collectively, "Moving Defendants"), hereby file this Motion hereby file this Motion to stay this case pending arbitration pursuant to the Federal Arbitration Act ("FAA") and applicable case law.

### Supporting Memorandum

**A. Statement of Facts**

In late 2021 and early 2022, Plaintiffs, Rare Breed Triggers and ABC IP, brought two suits against Big Daddy Enterprises, Inc., Big Daddy Unlimited, Inc., BlackStock, Inc., Wide Open Enterprises, LLC, We Got Ammo, Inc., Anthony McKnight, Sherrie McKnight, and Douglas Enrique Rios (collectively, the "Settling

Defendants"). *See Rare Breed, et. v. Big Daddy Unlimited, et al*., 1:21cv149 and *Rare Breed, et. v. Big Daddy Unlimited, et al*., 1:22cv61 ("the '061 Case"). The cases settled on October 10, 2022 with the Plaintiffs and Settling Defendants entering into a Confidential Settlement Agreement. ECF No. 1-1 (Complaint, Ex. A).

Plaintiffs now bring the present action for breach of the Confidential Settlement Agreement. In addition to the Settling Defendants, they also have sued the Moving Defendants, and four more parties. None of the newly added parties were signatories to the Settlement Agreement. As the Agreement forbids any disclosure of its terms to non-signatories (*Id.* at 24), it is highly unlikely that any of them were aware of the Agreement.

Plaintiffs allege that all of the Defendants are working in concert. Plaintiffs allege the non-signatory Defendants are bound by the terms of the Agreement under the doctrine of estoppel and/or as agents of the Settling Defendants. ECF No. 1 (Complaint) at ¶ 37.

**B. Legal Standard**

Under the FAA, the question of whether a non-signatory to an arbitration agreement can compel a signatory to submit to arbitration is answered not by state law, but by the federal substantive law of arbitrability. A petition to compel

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

arbitration is in essence a suit in equity seeking specific performance of an arbitration agreement. The standard for demonstrating arbitrability is not strict, and the FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Federal courts must order parties to proceed to arbitration if there has been a "failure, neglect, or refusal" to honor an agreement to arbitrate. See 9 U.S.C. § 4. Therefore, absent unmistakably clear language to the contrary, arbitration should be ordered. *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 US 1, 24-25 (1983); see 9 U.S.C. § 3 (requiring a stay of actions when there is an issue referrable to arbitration under an arbitration agreement); see also *Smith v. Spizzirri*, 601 U.S. 472 (2024).

Generally, arbitration is a matter of contract and a party cannot be required to submit to arbitration when he is not a party to the contract. *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). However, courts have recognized that nonsignatories to an arbitration agreement may be bound under ordinary contract and agency principles. *Id*. One such recognized principle is equitable estoppel. *Id*. Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.

Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.

3

First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "arise[ ] out of and relate[ ] directly to the [written] agreement," and arbitration is appropriate. Second, "application of equitable estoppel is warranted ... when the signatory [to the contract containing the arbitration clause] raises allegations of ... substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

*MS Dealer*, 177 F.3d at 947. As will be demonstrated both of the circumstances giving rise to equitable estoppel exist here.

Thus, the focus is on the nature of the claims asserted by plaintiff against the nonsignatory defendants. The fundamental point is that a party may not make use of a contract containing an arbitration clause and then attempt to avoid the duty to arbitrate.

**C. Equitable estoppel compels arbitration.**

The terms of the arbitration clause of contained in the Confidential Settlement Agreement are clearly and unequivocally applicable to Plaintiffs' case. Paragraph 15 of the Agreement reads, "Any dispute regarding this Agreement will be resolved through confidential arbitration before a mutually agreeable arbitrator." ECF No. 1-

4

1 (Complaint, Ex. A) at ¶ 15.[1] The entirety of Plaintiffs' claim is based on an alleged breach of the Confidential Settlement Agreement. When a signatory to the arbitration agreement relies upon the terms of the contract in asserting its claims against a nonsignatory, the signatory's claims arise out of and related directly to the written contract, and arbitration is appropriate. *MS Dealer*, 177 F.3d at 947. Moreover, Plaintiffs allege the nonsignatory Defendants are subject to the claim of breach due to an alleged concerted misconduct between the Settling Defendants and the nonsignatory Defendants. Thus, application of equitable estoppel is warranted when the signatory raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more signatories. *Id.*

## D. Conclusion

For the foregoing reasons. Defendants ask this Court to order arbitration and stay this case pending resolution through arbitration.

**CERTIFICATE OF CONFERRAL**

I certify that I conferred with counsel for Plaintiff regarding the relief requested in this Motion via emails dated July 23-24, 2025, and counsel for Plaintiff advised they "*don't know that there is an enforceable arbitration clause, but I'll look*

---

[1] The language of the arbitration clause is mandatory (i.e., "will be resolved") not permissive. As such, Rare Breed breached its agreement by bringing this action and publicly disclosing the Confidential Settlement Agreement. While disclosure is admissible to enforce the Agreement, it in the context of a "confidential private arbitration," not in the public forum of Federal Court.

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

*into it further and give a firm answer next week."* Defendants nevertheless file this motion and will update this conferral notice when Plaintiff's counsel completes their client conferral.

## CERTIFICATE OF WORD COUNT

I certify that this motion and incorporated memorandum contains 972 words.

Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Atrius Development Group Corp., Malcolm Brown, and Lea Andreoli*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com;eservice@reinerslaw.com

By:_____
**DAVID P. REINER, II**; FBN 416400

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 25, 2025**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:_____

**DAVID P. REINER, II**; FBN 416400

REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989