IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RARE BREED TRIGGERS, et al.**
**Plaintiffs.**

CASE NO. 1:25-CV-00181-RH-MAF

-vs-

**BIG DADDY ENTERPRISES, et al.**
**Defendants.**

---

## DEFENDANTS' MOTION TO COMPEL ARBITRATION
## AND STAY THE CASE PENDING ARBITRATION

---

Defendants Big Daddy Enterprises, Inc. ("BDE"), Big Daddy Unlimited, Inc. ("BDU"), Blackstock, Inc., Wide Open Enterprises, LLC ("WOE"), We Got Ammo, Inc. ("WGA"), Performance Triggers Inc. ("Performance"), Anthony McKnight, Sherrie McKnight, Douglas Rios, and Christopher Rios (together, "Moving Defendants") hereby file this Motion to Compel Arbitration and Stay this Case pending mandatory arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* and would show the Court as follows:

By filing this case [ECF #1], Plaintiffs have materially breached the terms of the Settlement Agreement entitling Moving Defendants to liquidated damages of $1,000,000.00 as provided. In addition to the instant case, Plaintiffs have now also

1

filed Motions to Reopen Case and Motions for Order to Show Cause in the two underlying original cases, *Rare Breed, et. v. Big Daddy Unlimited, et al.*, 1:21cv149 ("the '149 Case") and *Rare Breed, et. v. Big Daddy Unlimited, et al.*, 1:22cv61 ("the '061 Case"). Moving Defendants BDU, Anthony McKnight, Douglas Rios and Performance Triggers have filed Motions to Stay in both of those cases as well. [ECF #206 in the '149 Case and ECF #60 in the '061 Case].

**A. MOVING DEFENDANTS' JOINDER TO ATRIUS DEFENDANTS' PENDING MOTION [ECF #49]**

Defendants Atrius Development Group Corp., Malcolm Brown and Lea Andreoli ("Atrius Defendants") filed a Motion to Compel Arbitration and Stay the Case Pending Arbitration [ECF #49] on July 25, 2025. Moving Defendants hereby join the Atrius Defendants and incorporate the Motion and Supporting Memorandum [ECF #49] as if fully set forth herein.

**B. SETTLEMENT AGREEMENT REQUIRES PRIVATE ARBITRATION**

Each of the Moving Defendants herein, except Performance Triggers Inc. and Christopher Rios, were parties and signatories to the October 10, 2022 Confidential Settlement Agreement which provides the basis for Plaintiffs' claims and allegations in this case. Paragraph 15 of the Confidential Settlement Agreement between the parties specifically states that "Any dispute regarding this Agreement will be resolved through confidential private arbitration before a mutually agreeable arbitrator." [ECF #1-1, p. 4, ¶15]. Paragraph 24 further states that "The Parties will

keep all terms of this Agreement strictly confidential and will not disclose those terms beyond the individuals and entities involved." [ECF #1-1, p. 5, ¶24]. While it further states that "The Parties are not restricted from disclosure should legal enforcement of this Agreement or its terms become necessary," that legal enforcement should be through confidential, private arbitration, not through public filing in the federal courts.

Paragraph 12 states that "all terms of this Agreement, including representations and warranties, are material." [ECF #1-1, p. 4, ¶12]. This term is then reiterated in Paragraph 16 which further provides that "a breach of …any provision of this Agreement by any of the Parties would result in irreparable harm" and result in "liquidated damages in the amount of $1,000,000 which will become immediately jointly and severally due and payable to the Damaged Party." [ECF #1-1, p. 4, ¶16]. Plaintiffs' inclusion of the Confidential Settlement Agreement between the parties in a public filing is indisputably a breach of its confidentiality obligations and the requirement that disputes be resolved by confidential private arbitration and have caused irreparable damage to Defendants.

## C. ARGUMENT

The Federal Arbitration Act ("FAA") requires that agreements to submit disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As this

Court recently observed, "A district court must stay—or dismiss—a proceeding and compel arbitration if the court determines that '(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement.' *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citing 9 U.S.C. §§ 2-4)." *Ketchen v. DRJ Gainesville K, LLC*, No. 1:24-cv-37-MW/MJF, 2024 U.S. Dist. LEXIS 103355, at *3 (N.D. Fla. 2024).

Section 3 of the FAA further provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an **agreement in writing** for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties **stay the trial of the action** until such arbitration has been had . . . .

9 U.S.C. § 3 (emphasis added).

In this case, paragraph 15 of the Settlement Agreement undeniably requires that "[a]ny dispute" must be submitted to confidential private arbitration. [ECF #1-1, p. 4, ¶15]. Further, the Eleventh Circuit has observed that, "The Federal Arbitration Act, 9 U.S.C. § 1 et seq., enshrines a 'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115 (11th Cir. 2014) (first quoting *AT&T Technologies, Inc. v. Communications Workers of America*, 475

U.S. 643, 649, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986); then quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). *Lubin v. Starbucks Corp.*, 122 F.4th 1314, 1319 (11th Cir. 2024).

**D. Conclusion**

For the foregoing reasons. Moving Defendants ask this Court to require Plaintiffs to submit their claims to arbitration in accordance with the clear terms of the Settlement Agreement and stay any further actions in this Court.

July 31, 2025

Respectfully submitted,

s/ *Michael J. Smith*
Michael J. Smith
Texas Bar No. 24037517
**THE FOWLER LAW FIRM P.C.**
3301 Northland Drive, Suite 101
Austin, Texas 78731
Tel. No.: (512) 441-1411
Email: msmith@thefowlerlawfirm.com

*Attorney for Defendants Big Daddy Enterprises, Inc., Big Daddy Unlimited, Inc., Blackstock, Inc., Wide Open Enterprises, LLC, We Got Ammo, Inc., Performance Triggers Inc., Anthony McKnight, Sherrie McKnight, Douglas Rios, and Christopher Rios*

**LOCAL RULE 7.1(B) CERTIFICATION**

Undersigned counsel certifies that he sent an email to Plaintiffs' counsel on July 29, 2025 to advise of Defendants' intent to file this Motion to Compel

5

Arbitration and Motion to Stay and asked if Plaintiffs' counsel would agree to any requested relief. On July 31, Plaintiffs' counsel replied that Plaintiffs oppose the Motion.

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel for Defendants certifies that this Motion and Memorandum in Support contains 921 words, excluding portions exempted by the Rule and complies with Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I certify that, on July 31, 2025 I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification to counsel for all other parties.

                                          */s/ Michael J. Smith*
                                          Michael J. Smith