IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC.,

    Plaintiff,

v.                               CASE NO. 1:25cv181-RH-MAF

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

**ORDER ADVANCING DEADLINES TO RESPOND TO,
AND SETTING A HEARING ON, THE MOTIONS TO
COMPEL ARBITRATION AND STAY PROCEEDINGS**

    This action is proceeding toward a hearing on the plaintiff's motion for a preliminary injunction. The defendants who have appeared have moved to vacate prior scheduling orders, frivolously asserting the schedule was improperly set without their participation and also asserting, this time with considerable force, that the plaintiff's claims must be arbitrated. The defendants also have moved to block discovery, compel arbitration, and stay proceedings. This order denies the motion to vacate the scheduling orders, advances the deadline for responding to some of the other pending motions, and sets a hearing on the motions.

I

The plaintiff filed this action more than a month ago and immediately moved for a temporary restraining order and preliminary injunction. Such motions should be adjudicated as promptly as necessary but, with narrow exceptions not applicable here, only after each side has a full and fair opportunity to be heard. Toward that goal, I promptly denied an ex parte temporary restraining order and followed the procedure I have used for preliminary-injunction motions in dozens of cases: I entered an order setting a telephonic scheduling conference at which I could determine just how urgent the matter was. *See, e.g.*, *Doe v. Ladapo*, No. 4:23-cv-114-RH (N.D. Fla. Apr. 25, 2023) (order setting a scheduling conference upon receipt of a motion for a preliminary injunction); *Warren v. DeSantis*, No. 4:22-cv-302-RH (N.D. Fla. Aug. 18, 2022) (same); *NetChoice LLC v. Moody*, No. 4:21-cv-220-RH (N.D. Fla. June 4, 2021) (same); *CW Gainesville LLC v. Davis*, No. 1:20-cv-98-RH (N.D. Fla. May 5, 2020) (same).

I required notice of the scheduling conference to be given to the defendants as promptly as possible. *See* ECF No. 9 at 6–7. To comply with that requirement, the plaintiff's attorney immediately notified the attorney who had represented many of the defendants in related litigation in this court. Moreover, the principal defendants were formally served with process—and were provided a copy of the order giving the date and time of the scheduling conference—before the

conference occurred. *See* ECF No. 20 (return of service on Blackstock Inc. showing service on July 7, 2025); ECF No. 21 (return of service on Big Daddy Enterprises, Inc. showing service on July 8, 2025); ECF No. 22 (return of service on Big Daddy Unlimited, Inc. showing service on July 8, 2025); *see also* ECF No. 25 (return of service on Atrius Development Group Corporation showing service on July 7, 2025).

Rather remarkably, the defendants chose not to participate in the scheduling conference. More remarkably still, they now complain—somewhat intemperately—that the schedule that came out of the conference was set without their input. They even say they were denied due process.

Insofar as far as I can recall, I have never had a defendant choose not to attend a scheduling conference of this kind. This is a first.

II

The defendants have moved to vacate the schedule. They argue at length that the motion meets the standards for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). But no judgment or order that could be reviewed only under Rule 60 has been entered, just a routine scheduling order. That order can be changed as a matter of discretion at any time. *See* Fed. R. Civ. P. 54(b) (stating that when, as here, a district court has not directed the entry of judgment, "any order or other decision, however designated, that adjudicates fewer than all

the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). If there are good grounds to revise the schedule, I can and will revise it. Rule 60 has nothing to do with it.

But aside from the arbitration issue, there are no good grounds to revise the schedule. The schedule is reasonable, even generous. Preliminary-injunction hearings are usually set more quickly than this. The hearing was set with 68 days' notice, and the defendants learned of the setting at that time—or easily could have learned by calling the clerk of court or checking the docket. This is just two days less than the maximum the Speedy Trial Act allows from initial appearance to trial of a criminal case—a trial that can result in imprisonment, even for decades, and in preparation for which a defendant is given limited discovery and no opportunity to depose witnesses. Yet the current defendants suggest that by having to defend a preliminary-injunction motion in this civil action on only 68 days' notice, they have been denied due process. The assertion is stone dead frivolous.

III

This order sets a hearing on the emergency motions to block discovery and stay proceeding and on the motions to compel arbitration. The parties should be prepared to address *all* the relevant provisions of the prior litigation's consent

decree and confidential settlement agreement. These include not only the agreement's arbitration clause, ECF No. 1-1 at 5 ¶ 15, but also the agreement's injunctive-relief clause, *id.* ¶ 16, and the consent judgment's reservation of "jurisdiction" or "exclusive jurisdiction" to enforce or address compliance with the judgment, ECF No. 194 at 5 ¶ 25 & 7 ¶ 9 in Case No. 1:21cv149 and ECF No. 49 at 5 ¶ 25 & 7 ¶ 9 in Case No. 1:22cv61. The defendants' initial briefing on arbitration addressed only the first of these provisions, ignored the others, and ignored the consent decree's possible effect on the arbitration issue. *See* ECF Nos. 49 & 55. The arbitration clause might obligate the plaintiff to arbitrate the entire dispute, but these additional provisions at least warrant consideration. *See, e.g.*, *Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936 (11th Cir. 1997).

IV

Finally, a note to the attorneys. The level of professionalism expected in this court is high. The tenor of the submissions to date needs to improve. And both sides should note well and comply going forward with the requirement for a meaningful conference before a nondispositive motion is filed:

> The conference may be conducted in person, by telephone, in writing, or electronically, but an oral conference is encouraged. An email or other writing sent at or near the time of filing the motion is not a meaningful conference. When a conference is conducted in writing or electronically, an attorney ordinarily should be afforded at least 24 hours—as calculated under Federal Rule of Civil Procedure 6—to respond to a communication.

N.D. Fla. Loc. R. 7.1(B). The defendants' same-day email for at least one of the current motions was not sufficient.

V

For these reasons,

IT IS ORDERED:

1. By a separate notice, the clerk must set a hearing on Wednesday, August 13, 2025, at 10:00 a.m., on ECF Nos. 49, 54, 55, 57, 58, at the United States Courthouse in Gainesville, Florida.

2. The deadline for the plaintiff to respond to the first motion to compel arbitration and stay proceedings, ECF No. 49, remains August 8, 2025.

3. The deadline for the plaintiff to respond to the motion for a protective order, ECF No. 54, is advanced to August 11, 2025.

4. The deadline for the plaintiff to respond to the second motion to compel arbitration and stay proceedings, ECF No. 55, is advanced to August 11, 2025.

5. The deadline for the plaintiff to respond to the motion to quash subpoenas, ECF No. 57, is advanced to August 11, 2025.

6. The emergency motion to vacate or reconsider prior orders, ECF No. 58, is denied without prejudice to full consideration of the motions to compel arbitration and stay proceedings.

7. The defendants may file by August 12, 2025 at noon a supplemental memoranda in support of their motions to compel arbitration and stay proceedings.

SO ORDERED on August 6, 2025.

                                          s/Robert L. Hinkle
                                          United States District Judge