## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| RARE BREED TRIGGERS, INC., a Texas corporation, | |
| *Plaintiff*, | Case No. 1:25-cv-00181-RH-MAF |
| v. | |
| BIG DADDY ENTERPRISES, INC., *et al.*, | Judge Robert L. Hinkle |
| *Defendants*. | Magistrate Judge Martin A. Fitzpatrick |

## PLAINTIFF'S OPPOSITION TO ATRIUS DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO EXPEDITE RULING ON MOTION FOR STAY AND TO COMPEL ARBITRATION

Plaintiff Rare Breed Triggers, Inc. ("RBT") opposes Defendants Atrius Development Group Corp., Malcolm Brown, and Lea Andreoli's ("Atrius Defendants") Objection and Motion for Protective Order Regarding Discovery & Motion to Expedite Ruling on Motion for Stay and To Compel Arbitration."[1]

Atrius Defendants fail to show they meet the standard required for entry of a protective order. As more fully explained below, Atrius Defendants' motion should therefore be denied.

---

[1] Although labeled as such, the requested relief asks the Court to "expedite briefing on Defendants' Motion to Stay and Compel Arbitration." (ECF No. 54 at 4.)

## STATEMENT OF RELEVANT FACTS

On July 10, 2025, the court entered a scheduling order (the "Scheduling Order"). (ECF No. 29.) The Scheduling Order sets a number of deadlines by which RBT seeks to abide, with discovery commencing on July 28, 2025. (ECF No. 29 ¶ 3.) On July 25, 2025, Atrius Defendants moved to compel arbitration and to stay the case pending that process. (ECF No. 49.)

On July 30, 2025, Atrius Defendants filed its motion for a protective order ("Protective Order Motion") (ECF No. 54), to which this opposition responds. In its Protective Order Motion, Atrius Defendants "request that the court enter an order abating discovery and expedite briefing on the Defendants' Motion to Stay and Compel Arbitration (ECF 49)." (ECF No. 54 at 4.)

On July 31, BDU Defendants[2] also filed a Motion to Compel Arbitration and Stay the Case Pending Arbitration. (ECF No. 55.)

On August 6, 2025, the Court entered an Order Advancing the Deadlines to Respond to, and Setting a Hearing on, the Motion to Compel Arbitration and Stay Proceedings ("August 6, 2025, Order"). (ECF No. 59.) In that August 6, 2026, Order, the Court stated that "aside from the arbitration issue, there are no good

---

[2] Defendants Performance Triggers, Inc., Anthony McKnight, Sherrie McKnight, Douglas Rios, Chistopher Rios, Big Daddy Enterprises Inc., Big Daddy Unlimited Inc., Blackstock Inc., Wide Open Enterprises LLC, and We Got Ammo Inc. (collectively, "BDU Defendants").

grounds to revise the schedule. The schedule is reasonable, even generous." (*Id.* at 4.)

The August 6, 2025, Order also set a hearing on Defendants' motions to compel arbitration, Atrius Defendants' Protective Order Motion, and Atrius Defendants' motion to quash and for sanctions, for August 13, 2025, and expedited RBT's briefing schedule accordingly. (*Id.* at 6.)

RBT files this opposition to the Atrius Defendants' Protective Order Motion. (ECF No. 54.)

## ARGUMENT

**Atrius Defendants fail to show good cause for a protective order to stay discovery because they do not demonstrate that they would suffer significant harm.**

Rule 26(c) permits a protective order only "for good cause" to protect against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of establishing good cause and must offer "particular and specific demonstrations of fact," not broad conclusions or speculation. *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Further, the alleged harm must be "significant, not a mere trifle." *See id.*

"Motions to stay discovery pending ruling on a dispositive motion are generally disfavored." *See Flecha v. Neighbors Moving Services*, Inc., 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997). Even when a potentially dispositive motion is pending, the Court must weigh the harm from delay against any benefit and should not automatically halt discovery—even if the motion appears "strong[ly] support[ed]." *See Feldman*, 176 F.R.D. at 652–53 (requiring a "preliminary peek" and denying a stay absent a clearly meritorious motion); *Exemar v. Urban League of Greater Miami, Inc.*, No. 07-21977-CIV, 2008 WL 2645675, at *2 (S.D. Fla. June 26, 2008) (same).

Under the § 3 of the Federal Arbitration Act ("FAA"), a stay is mandatory only if the Court is "satisfied" that the dispute is referable to arbitration and a party requests a stay; before that finding, Rule 26(c) and the balancing test set forth in *Feldman* govern. *See Smith v. Spizzirri*, 601 U.S. 472, 477–79 (2024) (interpreting 9 U.S.C. § 3); *Feldman*, 176 F.R.D. at 652–53. Thus, until arbitrability is decided, Defendants must make the Rule 26(c) showing—"particular and specific" facts establishing significant harm—not conclusory statements or conjecture. *See Trinos*, 250 F.R.D. at 698.

Here, Atrius Defendants do not identify "particular and specific" facts establishing annoyance, embarrassment, oppression, undue burden, or expense. *See Trinos*, 250 F.R.D. at 698. There are no affidavits, no cost estimates, no privilege

concerns identified, and no proportionality analysis offered in support of their motion. *Id.* Their sole asserted "good cause" is a prediction: that the Court will compel arbitration. (*See* Defs. Br. ¶ 4.) But that falls well short of meeting the required showing under Rule 26(c).

When considered in context, the balance of harms and benefits for staying discovery prior to a ruling on arbitrability tilts decisively against a stay. Discovery opened on July 28, 2025 (ECF No. 29 ¶ 3), and the Court has already advanced briefing and set hearings (ECF No. 59).[3] RBT needs discovery now to prepare for the preliminary injunction hearing scheduled for next month. *See Feldman*, 176 F.R.D. at 652–53; *Exemar*, 2008 WL 2645675, at *2–3. By contrast, the marginal burden on Atrius Defendants from allowing discovery to proceed is negligible. Where, as here, all agree that the issues will be litigated somewhere (the dispute is *where*, not *whether*), "the main reason for staying discovery—the elimination of unnecessary expenditures of time, money and other resources—is less compelling." *See Feldman*, 176 F.R.D. at 653.

In sum—even assuming *arguendo* that their pending motion to compel arbitration could support their request for a stay in their Protective Order Motion—

---

[3] Given the expedited briefing schedule set forth in the Court's August 6, 2025, Order, RBT understands that Atrius Defendants' request to "expedite briefing on the Defendants' Motion to Stay and Compel Arbitration (ECF No. 49)" has been granted and is now moot. (ECF No. 59 at 6.)

Atrius Defendants have not carried their burden under Rule 26(c). They point to no significant, non-speculative harm tied to allowing discovery to proceed. Granting a stay on this record would disregard Rule 26(c)'s requirement of particularized, significant harm. Therefore, Atrius Defendants' Protective Order Motion should be denied.

## CONCLUSION

For the reasons stated above, RBT respectfully requests that the Court deny Atrius Defendants' Protective Order Motion in full.

Date: August 11, 2025

**DHILLON LAW GROUP, INC.**

By: */s/ Josiah Contarino*
    Josiah Contarino
    Anthony J. Fusaro, Jr. (admitted PHV)
    Dhillon Law Group, Inc. (admitted PHV)
    jcontarino@dhillonlaw.com
    afusaro@dhillonlaw.com

**WOOD HERRON & EVANS LLP**

By: */s/ Glenn D. Bellamy*
    Glenn D. Bellamy (admitted PHV)
    Wood Herron & Evans LLP
    600 Vine Street, Suite 2800
    Cincinnati, Ohio 45202
    gbellamy@whe-law.com

*Attorneys for Plaintiff Rare Breed Triggers, Inc.*

**Certificate of Word Count**

Pursuant to Northern District of Florida Rule 7.1(F), I hereby certify that the foregoing Brief, including body, headings, quotations, and footnotes, and excluding those portions exempt by Local Rule 7.1(F), contains 1076 words as measured by Microsoft Office for Word.

/s/ Josiah Contarino
Josiah Contarino

**Certificate of Service**

I certify that on **August 11, 2026**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Josiah Contarino
Josiah Contarino

4938-8394-0700, v. 1