# EXHIBIT L

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

| | | |
|---|---|---|
| Rare Breed Triggers, Inc.<br>*Plaintiff*<br>v.<br>Big Daddy Enterprises, Inc., et al.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 1:25-cv-00181-RH-MAF |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Adam Vincent Floyd, 3203 Bluffs Ln, Parker, TX 75002

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Appendix.

| Place: Dhillon Law Group Inc., 50 Park Place, Suite 1105<br>Newark, NJ 07102<br>jcontarino@dhillonlaw.com; afusaro@dhillonlaw.com | Date and Time:<br>08/15/2025 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/28/2025

*CLERK OF COURT*

OR

/s/ Josiah Contarino

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Rare Breed Triggers, Inc., who issues or requests this subpoena, are:

Dhillon Law Group Inc., Josiah Contarino, jcontarino@dhillonlaw.com, afusaro@dhillonlaw.com, 917-423-7221

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-00181-RH-MAF

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX

## DEFINITIONS

1. "**COMPLAINT**" means the Complaint in the above-captioned action filed in the United States District Court for the Northern District of Florida on July 1, 2025, entitled *Rare Breed Triggers, Inc. v. Big Daddy Enterprises, Inc., et al.*, (Case No. 1:25-cv-00181-RH-MAF).

2. "**ACTION**" means the above-captioned action, filed in the United States District Court for the Northern District of Florida on July 1, 2025, entitled *Rare Breed Triggers, Inc. v. Big Daddy Enterprises, Inc., et al.*, (Case No. 1:25-cv-00181-RH-MAF).

3. "**YOU**," or "**YOUR**" shall mean **Adam Floyd**, and each of his employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any Person who served in any such capacity at any time during the relevant time period specified herein.

4. "**RBT**" or "**PLAINTIFF**" means Rare Breed Triggers Inc., the Plaintiff in this Action.

5. **"DEFENDANTS"** shall mean Performance Triggers, Inc., Atrius Development Group, Corp. (d/b/a "Atrius Triggers"), We Got Ammo, Inc., Big Daddy Unlimited, Inc., Blackstock, Inc., Wide Open Enterprises LLC, Delta 7 LLC, C&C Holdings Group LLC, Anthony McKnight, Sherrie McKnight, Douglas Rios, Christopher Rios, Andrew Myers, Malcolm Brown, and Lea Andreoli, defendants in the Action.

6. **"COMMERCIAL DEFENDANTS"** shall mean **Performance Triggers, Inc.**, a Florida corporation, **Atrius Development Group, Corp. (d/b/a "Atrius Triggers")**, an Idaho corporation, **We Got Ammo, Inc.**, a Florida corporation, **Big Daddy Unlimited, Inc.**, a Florida corporation, **Blackstock, Inc.**, a Florida corporation, **Wide Open Enterprises LLC**, a New

Mexico limited liability company, **Delta 7 LLC**, a Florida limited liability company, and **C&C Holdings Group LLC**, a Florida limited liability company, defendants in the Action.

7. **"INDIVIDUAL DEFENDANTS"** shall mean **Anthony McKnight**, an individual domiciled in Florida, **Sherrie McKnight**, an individual domiciled in Florida, **Douglas Rios**, an individual domiciled in Florida, **Christopher Rios**, an individual domiciled in Florida, **Andrew Myers**, an individual domiciled in Florida, **Malcolm Brown**, an individual domiciled in California, and **Lea Andreoli**, an individual domiciled in California, defendants in the **Action**.

8. "**SETTLEMENT AGREEMENT**" means the September 22, 2022 settlement agreement entered into between Plaintiff and the Settling Defendants in connection with related litigation between them in the United States District Court for the Northern District of Florida (Case Nos. 1:21-cv-00149-RH-HTC; 1:22-cv-00061-RH-HTC).

9. "**SETTLING DEFENDANTS**" means Defendants Big Daddy Enterprises, Inc., Big Daddy Unlimited, Inc., Wide Open Enterprises, LLC, Blackstock, Inc., We Got Ammo, Inc., Anthony McKnight, Sherrie McKnight, and Douglas Rios.

10. "**PERMANENT INJUNCTION**" means the October 19, 2022 Consent Judgment and Permanent Injunction entered against the Settling Defendants by the United States District Court for the Northern District of Florida (Case Nos. 1:21-cv-00149-RH-HTC; 1:22-cv-00061-RH-HTC).

11. "**'223 Patent**" means U.S. Patent No. 10,514,223, covering Firearm Trigger Mechanism technology.

12. "**FRT**" means Forced Reset Trigger technology, or any fire control group where movement of the action causes the trigger member to be forced to the fully reset position, including those defined as "hard reset" or "positive displacement."

13. **"WOT"** means Wide Open Trigger.

14. **"UPGRADE KIT"** means the upgrade kit to convert the 2-position WOT into a 3-position WOT.

15. **"PROHIBITED PRODUCT(S)"** means the WOT Trigger, the WOT 3-Position Trigger, the Selektor Trigger, the Super Selektor Trigger, the Super Safety AR-15 Trigger, the Atrius Select-Fire Assisted Reset Trigger, or any part thereof, and any fire control group where movement of the action causes the trigger member to be forced to the fully reset position, including those defined as "hard reset" or "positive displacement."

16. "**DOCUMENT**" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property. The term "DOCUMENT" refers to any Document now or at any time in Your possession, custody, or control. A Person is deemed in control of a Document if the Person has any ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Person or public or private entity having physical possession thereof.

17. "**COMMUNICATION**" means the transmission of information or data in any form, including, without limitation, written, oral, or electronic transmissions.

18. "**PERSON**" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization, or association.

19. “**RELATE**” or “**RELATING**” means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

20. The terms “**AND**” and “**OR**” shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

21. The terms “**ALL**,” “**ANY**,” or “**EACH**” encompass any and all of the matter discussed.

22. “**INCLUDING**” means including, but not limited to.

23. The use of singular form includes plural, and vice versa.

24. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. All objections to the production of Documents requested herein shall be made in writing and delivered by email to the undersigned attorneys (jcontarino@dhillonlaw.com, jroth@dhillonlaw.com, and afusaro@dhillonlaw.com), on or before the date set for production.

2. All Documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no Documents in response to a particular request, or if You withhold any responsive Documents or categories of Documents based on any objections, You shall state so in writing.

3. Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. For example:

a) Documents created using Microsoft Word must be produced as .DOC or .DOCX files; and

b) emails must be produced in a form that readily supports import into standard email client programs.

4. ESI should be produced on appropriate electronic media of Your choosing that does not impose an undue burden or expense upon Plaintiff. You should decrypt or provide Plaintiff with passwords to any responsive ESI included in Your productions.

5. These requests call for the production of all responsive Documents in Your possession, custody, or control, or in the possession, custody, or control of Your subsidiaries, divisions, parent companies, predecessor and successor entities, affiliates, any partnership or joint venture to which You are or were a party, and/or any of Your employees, agents, officers, directors, representatives, consultants, accountants, or attorneys (including any Person who served in any such capacity during the relevant time period specified herein), as well as any other Person acting or purporting to act on Your behalf or subject to Your control.

6. In responding to these requests, include Documents obtained on Your behalf by Your counsel, employees, agents, or any other Persons acting on Your behalf. If Your response is that the Documents are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such Document. If Your response is that Documents are not under Your control, identify who has control and the location of the Documents.

7. If any Document was, but no longer is, in Your possession, subject to Your control, or in existence, include a statement:

a) identifying the Document;

b) describing where the Document is now;

c) identifying who has control of the Document;

d) describing how the Document became lost or destroyed or was transferred; and

e) identifying each of those Persons responsible for or having knowledge of the loss, destruction, or transfer of the Document from Your possession, custody, or control.

8. Each request contemplates production of all Documents in their entirety. If only a portion of a Document is responsive to one or more requests, the Document shall be produced in its entirety.

9. If any Document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld Document:

a) the ground of privilege or protection claimed;

b) every basis for the privilege or protection claimed;

c) the type of Document;

d) its general subject matter;

e) the Document's date; and

f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

10. If You object to any document request on any ground other than privilege, You must specify:

a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

b) whether any responsive materials are being withheld on the basis of an objection.

11. To the extent You contend that a Document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the Document must be produced. For each such Document, indicate the portion of the Document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the Document in an appropriate location that does not obscure the remaining text.

12. If there are no Documents in response to any particular request, You shall state so in writing.

13. Unless otherwise stated herein, all Documents requested cover the period from September 15, 2021, through the present.

14. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

15. Requests for production should be read to encompass any and all items responsive to the request.

16. These requests are continuing, and Your response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

17. Please complete and include with your responses and documents the Certification of Records found at the end of this Appendix.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:** All Documents and Communications related to any proposed business opportunity involving Forced Reset Triggers in which You would have a personal stake, including any discussions or plans concerning the licensing, distribution, sale, or marketing of such products.

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:** All Documents and Communications related to the January 12, 2024 meeting between You and Lawrence DeMonico, including but not limited to any notes, memoranda, recordings, summaries, or follow-up correspondence related to: (a) Your proposal to obtain a license to sell Forced Reset Triggers; (b) Your representations concerning the ownership and operations of Performance Triggers; (c) Your involvement or proposed involvement in the marketing or sale of Forced Reset Triggers; (d) any reference to Defendants Douglas Rios or Anthony McKnight; and (e) any discussion of potential business arrangements involving the sale, distribution, or suppression of competing FRTs.

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:** All Documents and Communications related to Douglas Rios owning, operating, or otherwise managing Performance Triggers, Inc., or that he was continuing to sell FRTs or any Prohibited Product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:** All Documents and Communications related to Anthony McKnight's involvement in developing or configuring websites, payment systems, or other online infrastructure used in connection with the sale of any Prohibited Product.

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:** All Documents and Communications related to any proposal, discussion, or negotiation of a business arrangement involving the sale or licensing of FRTs to any Defendant.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:** All Documents and Communications related to any business plan, sales strategy, or enforcement proposal by which You offered or agreed to assist in suppressing sales of FRTs by Defendants or other third parties in exchange for a license, partnership, or other commercial benefit.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:** All Documents and Communications related to any statement by You that any Defendant was continuing to sell Forced Reset Triggers in violation of a court order, permanent injunction, or settlement agreement.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** All Documents and Communications related to any knowledge, observation, or allegation of fraudulent, deceptive, or unlawful conduct by Douglas Rios or Anthony McKnight, any other Defendant, or any entity related to a Defendant, including but not limited to conduct intended to circumvent the Permanent Injunction, violate the Settlement Agreement, or obscure ownership or operational control of Performance Triggers, Inc., any Commercial Defendant, or any entity affiliated with a Commercial Defendant.

**RESPONSE:**

## CERTIFICATION OF RECORDS

STATE OF ______________________

COUNTY OF _____________________

I, __________________________________ [Full Name], hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

- I am the individual responding to the subpoena for myself and am therefore authorized to certify the records produced in response to the subpoena issued by Plaintiff to me in connection with *Rare Breed Triggers, Inc. v. Big Daddy Enterprises, Inc., et al.*, (Case No. 1:25-cv-00181-RH-MAF).
- The documents and electronically stored information (for example, emails, text messages) provided in response to the subpoena are true and correct copies of the original records maintained by me.
- The records produced are complete and accurate to the best of my knowledge, and no responsive documents have been withheld, except as otherwise noted (if applicable).
- I have complied with the terms of the subpoena to the best of my ability, and the records provided were retrieved and compiled in accordance with the specifications outlined in the subpoena.

Dated: _________________ [Insert Date]

Signature: _____________________________ [Full Name]

Contact Information: ____________________________________________________ [Address]

Phone Number: ____________________________________

4913-2643-9256, v. 1