## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**RARE BREED TRIGGERS, et al.**
**Plaintiffs.**                                    CASE NO. 1:25-CV-00181-RH-MAF

    -vs-

**BIG DADDY ENTERPRISES, et al.**
**Defendants.**

---

## DEFENDANTS' SUPPLEMENTATION IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY THE CASE PENDING ARBITRATION

---

Moving Defendants file this Supplementation pursuant to the Court's Order [ECF #59].

"**Any dispute** regarding this Agreement will be resolved through confidential private arbitration." (emphasis added)[ECF #1-1, p. 4, ¶15]. This includes RBT's claims for breach and fraud. Defendants attach Declarations of McKnight and Rios to confirm the importance of the confidentiality of the Agreement.

Any reference to continuing jurisdiction of this Court was for the enforcement of arbitral orders or judgments, not a carve out for arbitrable claims.

1

A sister court has stated, "the court does hereby maintain jurisdiction of this action to enter such further orders as may be appropriate or as provided for under the arbitration act and to enforce the orders or mandate of this court or of the arbitration panel. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Thompson*, 575 F. Supp. 978, 979-80 (N.D. Fla. 1983).

"The Supreme Court has established that a strong federal policy in favor of arbitration exists under the provisions of the Federal Arbitration Act. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). In fact, in discussing the issue of arbitrability the court went so far as to state 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or like defense to arbitrability.' 74 L. Ed. 2d at 785." *Id.* at 979 (N.D. Fla. 1983).

9 U.S.C. §3 "mandates the issuance of a stay and prohibits evidentiary proceedings that would be required before this court could consider any preliminary injunction. Further, the Supreme Court in *Moses H. Cone, supra,* confirmed that Sections 3 and 4 of the Federal Arbitration Act look forward to 'expeditious and summary [judicial] (hearings), with only restricted inquiry into factual issues.' *Id.* at 940. To consider [Appellant's] request for a preliminary injunction, this court must hear detailed factual issues. Such involvement by this court would frustrate the

statutory policy of enforcing arbitration agreements and of moving the parties into arbitration as quickly as possible." *Id.* at 979.

August 11, 2025                          Respectfully submitted,

                                         s/ *Michael J. Smith*
                                         Michael J. Smith
                                         Texas Bar No. 24037517
                                         **THE FOWLER LAW FIRM P.C.**
                                         3301 Northland Drive, Suite 101
                                         Austin, Texas 78731
                                         Tel. No.: (512) 441-1411
                                         Email: msmith@thefowlerlawfirm.com

                                         *Attorney for Defendants Big Daddy*
                                         *Enterprises, Inc., Big Daddy Unlimited,*
                                         *Inc., Blackstock, Inc., Wide Open*
                                         *Enterprises, LLC, We Got Ammo, Inc.,*
                                         *Performance Triggers Inc., Anthony*
                                         *McKnight, Sherrie McKnight, Douglas*
                                         *Rios, and Christopher Rios*

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel for Defendants certifies that this Supplementation contains 348 words, excluding portions exempted by the Rule and complies with Local Rule 7.1(J).

## CERTIFICATE OF SERVICE

I certify that, on August 11, 2025 I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification to counsel for all other parties.

                                         */s/ Michael J. Smith*
                                         Michael J. Smith

3