IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, et al.
**Plaintiffs.**                                          CASE NO. 1:25-CV-00181-RH-MAF

    -vs-

BIG DADDY ENTERPRISES, et al.
**Defendants.**

---

## DECLARATION OF DOUGLAS RIOS

---

I, Douglas Rios, declare as follows:

1. I am competent to make this declaration and all of the statements contained herein are based on my personal knowledge and are true and correct to the best of my knowledge.

**CONFIDENTIAL SETTLEMENT AGREEMENT AND ARBITRATION**

2. I participated by telephone in the negotiation of the Confidential Settlement Agreement ("Agreement") on September 22, 2022 that provides the basis for this case. Also present were Anthony McKnight, counsel Michael Smith, counsel Adam Floyd, Lawrence DeMonico and Rare Breed counsel Glenn Bellamy.

3. Everyone agreed that all terms of this Agreement were to be strictly confidential and the arbitration clause was integral to keeping the Agreement confidential.

    a. Under the terms of the Agreement, we were to provide "merchandise" to Rare Breed.  In another violation of the confidentiality provision of the Agreement, Rare Breed has now publicly disclosed in its opposition to Adam Floyd's pro hac vice motion that the merchandise was forced reset triggers.

    b. At that time, the ATF considered forced reset triggers to be illegal machine guns, and selling illegal machine guns is a serious felony.

    c. While the parties believed, with the backing of legal counsel and experts, that the ATF was mistaken in its view, no one wanted to be caught with or selling these triggers.  Thus, the need for absolute confidentiality as reflected in the Agreement.

    d. For example, only those in the room  and myself were to know of the contents of the Agreement; any dispute would be resolved through confidential private arbitration, the triggers were described as "merchandise," if anyone were to tell the ATF or governmental agency it would be a breach; and any breach was to be considered

material and subject to liquidated damages of $1 million, as the
potential harm could be irreparable and unquantifiable.

    e. I don't believe anyone would have signed the Agreement without
absolute confidentiality provisions.  I know I would not have.

    f. Mr. DeMonico was perhaps the most adamant about maintaining
secrecy.  In fact, he insisted that we had to deliver the triggers to him
at a location he would later disclose because he didn't want to get
caught with them.

4. I signed the Agreement individually and on behalf of Wide Open
Enterprises, LLC and We Got Ammo, Inc. as the President of each entity on
September 22, 2022.

5. During the negotiations, Lawrence DeMonico of Rare Breed Triggers
indicated that he would not sign the Agreement until he had received,
inspected and inventoried the merchandise being transferred to Rare Breed
as part of the Agreement.

    a. Thus, contrary to Rare Breed's position, the arbitration had nothing to
do with receiving payment, as Rare Breed had already received
payment prior to signing the agreement.

6. Lawrence DeMonico did not sign the Agreement as President of Rare Breed
Triggers, LLC until October 10, 2022.

7.  Cole Leleux did not sign the Agreement as Managing Member of ABC IP, LLC until October 10, 2022.

8.  I have not disclosed the Agreement or any of its contents to anyone including any other defendant in this case other than the signatories to the Agreement.

9.  In opposition to Mr. Floyd's pro hac vice motion, Rare Breed alleges that Mr. Floyd's prior business discussions with Mr. DeMonico are somehow related to their factual allegations in this case.  This is not true.  Once Mr. DeMonico did not express interest in licensing to us, we all moved on.  Mr. Floyd has not been involved in any of my businesses since.

10. Both Mr. Bellamy and Mr. Floyd agreed that licensing Rare Breed's patent would not constitute a violation of the injunction in the New York case.

**SERVICE OF THIS CASE**

11. I have reviewed the Affidavit of Nonservice [ECF #66-2] submitted in this case by Rare Breed. According to the Affidavit, the process server attempted to serve me fourteen times at three different addresses over the course of about three weeks. I declare that none of the addresses where service was attempted are my residence. Further, I was out of town when service was attempted between July 7 and 12, 2025 and was out of the country when service was attempted between July 17 and 28, 2025.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on August 11, 2025.

_____
DOUGLAS RIOS