IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC.,

    Plaintiff,

v.                                           CASE NO. 1:25cv181-RH-MAF

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

## ORDER REQUIRING A DECLARATION AND MEMORANDA ON ATRIUS'S CITIZENSHIP

The plaintiff Rare Breed Triggers, Inc., a citizen of Texas, filed this action alleging diversity of citizenship as the sole basis of federal jurisdiction. The complaint names multiple defendants, all apparently citizens of states other than Texas, with one possible exception.

The complaint names "Atrius Development Group Corp." as a defendant and alleges it is an Idaho corporation. Compl., ECF No. 1 at 10 ¶ 26. The complaint alleges its principal place of business is in Lake Forest, California. *Id*. This order sometimes refers to this defendant as Atrius-Idaho.

Rare Breed effected service of process on Atrius-Idaho through a registered agent in Boise, Idaho, who acknowledged authority to accept service for Atrius-Idaho. ECF No. 39. Atrius-Idaho appeared in this action through counsel and moved to compel arbitration without questioning diversity jurisdiction or asserting it was a citizen of any state other than Idaho and California. *See* ECF No. 49.

But at a hearing on the arbitration motion, an Atrius-Idaho attorney said he had learned the previous day that Atrius-Idaho might have converted its incorporation to Texas. Two days after the hearing, Atrius-Idaho filed a notice apparently taking the position it was a Texas corporation when this action was filed. ECF No. 92. If true, this would defeat diversity jurisdiction.

Atrius-Idaho attached to its notice a certificate of conversion as apparently on file with the Texas Secretary of State. *See* ECF No. 92-1. In addition, attached to this order are publicly available records of the Montana and Idaho Secretaries of State. This order requires Atrius-Idaho and Rare Breed, and allows all other parties, to file memoranda addressing jurisdiction. In those memoranda, the parties may address the propriety of taking judicial notice and the nature of the facts to be noticed. *See* Fed. R. Evid. 201(e).

The Idaho records show incorporation of a new entity, "Atrius Development Group Corporation," on November 1, 2021. The articles of incorporation list the corporation's mailing address as 25471 Alta Loma, Lake Forest, California. The

records show the corporation was administratively dissolved on February 11, 2023. No available records suggest this corporation was converted to any other state. This is apparently the defendant in this action—the entity referred to in this order as Atrius-Idaho.

The Montana records show incorporation of a new entity, "Atrius Development Group Corp.," on January 24, 2023. The articles list the corporation's principal address as 25471 Alta Loma, Lake Forest, California. This order refers to this corporation as Atrius-Montana.

The Texas certificate of conversion shows "Atrius Development Group Corporation, Inc." was converted from Montana to Texas on June 20, 2025. *See* ECF No. 92-1. Montana records include articles of conversion, also in the name "Atrius Development Group Corporation, Inc." This action was filed on July 1, 2025, so if the corporation that was subject to this conversion is a defendant, diversity jurisdiction does not exist.

The difference between the names used for the defendant and the actual name of the Idaho corporation may be a scrivener's error. The difference between the name of the Montana corporation, on the one hand, and the Montana and Texas records of conversion, on the other hand, may be a scrivener's error. There is no Texas documentation in this record and no publicly available Idaho or Montana records of any corporation with the name shown on the available Texas and

Montana conversion documentation, "Atrius Development Group Corporation, Inc." Probably a scrivener's error in the conversion documentation.

It seems likely, at least based on the information available to date, that Atrius-Idaho and Atrius-Montana are separate corporations. It seems likely Atrius-Montana has been converted to a Texas corporation. And it seems likely Rare Breed intended to name Atrius-Idaho as the defendant, not Atrius-Montana, for two reasons. First, the complaint alleges acts of the Atrius defendant that occurred before as well as after Atrius-Montana was incorporated. *See* Compl., ECF No. 1 at 20–22 ¶¶ 56, 58–64. Second, the complaint explicitly identifies this defendant as an Idaho corporation—apparently because Rare Breed was unaware that a new Atrius corporation had been formed in Montana.

This order puts in place a procedure for addressing this jurisdictional issue. Atrius-Idaho's attorneys should note well: any further failure by Atrius-Idaho or its attorneys to handle this issue promptly and with precision will likely result in sanctions. *See, e.g.*, Fed. R. Civ. P. 11; 28 U.S.C. § 1927. This order *mandates* the filing of a declaration meeting specific requirements. The declaration must meet *all* the requirements.

IT IS ORDERED:

1. This paragraph requires the filing of a declaration by the defendant Atrius Development Group Corp.—whether or not that is its correct legal name—and

requires the filing of a declaration by the defendant Malcolm Brown. A single declaration may satisfy the obligation of both of these defendants. The deadline to file the declaration is August 27, 2025. The declaration must be sworn by Mr. Brown. The declaration must attach and confirm the authenticity of the Atrius defendant's articles of incorporation, any certificate showing transfer of its incorporation, and any corresponding plan of conversion. The declaration must also identify any other corporation Mr. Brown has any role in or relation to that has the word Atrius in its name, and for each such corporation, the declaration must give the state of incorporation, the date of incorporation, the state to which any conversion has been made, and the date of any such conversion.

2. The defendant Atrius Development Group Corp. must file by August 27, 2025 a memorandum setting out its position on whether diversity jurisdiction exists. Any other defendant may file a memorandum by that date.

3. Rare Breed must file a memorandum in response by September 3, 2025.

SO ORDERED on August 20, 2025.

s/Robert L. Hinkle<br>United States District Judge