IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC.,

    Plaintiff,

v.                                CASE NO. 1:25cv181-RH-MAF

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

## ORDER COMPELLING ARBITRATION

This action is before the court on two motions to compel arbitration, a motion to dismiss, a motion for a preliminary injunction, and a variety of related motions. This order denies the motion to dismiss, compels arbitration, denies a preliminary injunction, and cleans up the remaining motions.

### I. Background

The action is the next chapter in a long-running dispute about forced reset triggers—devices that allow ordinary guns to fire about as rapidly as machineguns. The legality of the devices is unsettled but is not at issue here. Instead, the plaintiff Rare Breed Triggers, Inc. ("Rare Breed")—the holder of an exclusive license to a

patent for such a device—asserts breach-of-contract and fraud claims against others in the industry.

The patent at issue is U.S. Patent No. 10,514,223. In a prior action in this court, Case No. 1:21-cv-149, Rare Breed's predecessor in interest, Rare Breed Triggers, LLC, and the patent's owner, ABC IP, LLC ("ABC"), asserted infringement claims against seven defendants: Big Daddy Enterprises, Inc.; Big Daddy Unlimited Inc.; Wide Open Enterprises, LLC; We Got Ammo, Inc.; Anthony McKnight; Sherrie McKnight; and Douglas Rios. In another prior action in this court, Case No. 1:22-cv-61, Rare Breed Triggers, LLC and ABC asserted infringement claims against two of the same defendants—Big Daddy Unlimited Inc. and Big Daddy Enterprises, Inc.—and another defendant, Blackstock Inc. This was a total of eight defendants in the two cases.

The parties agreed to settle the cases. They entered into an agreement entitled "Confidential Settlement Agreement," sometimes referred to in this order as the settlement agreement or simply as the agreement. The parties in each case signed and submitted for entry by the court a document entitled "Consent Judgment and Permanent Injunction," sometimes referred to in this order as the consent injunctions. The consent injunction in each case was signed by the court and entered on the docket as an injunction precisely in the form agreed to by the parties.

The consent injunctions and settlement agreement were a package deal; in practical effect, they were entered simultaneously. The consent injunctions were Federal Rule of Civil Procedure 58 final judgments resolving all claims among all parties in those actions. The plaintiffs have initiated contempt proceedings there, and the defendants have moved to compel arbitration. This order does not address the proper treatment of the contempt claim and arbitration motions in those actions, which present issues beyond those presented here. This order addresses only this new action.

Rare Breed filed this new action against the eight defendants in the earlier actions and eight new defendants: Performance Triggers Inc., Atrius Development Group Corp.; Delta 7 LLC; C&C Holdings Group LLC; Christopher Rios; Malcolm Brown; Lea Andreoli; and Andrew Myers. ABC is not a plaintiff.

The complaint asserts three claims against the eight defendants from the earlier actions: breach of the settlement agreement (count 1), breach of the attendant covenant of good faith and fair dealing (count 2), and fraud (count 3). The complaint asserts a single claim against the new defendants: aiding and abetting the fraud (count 4).

The defendants can be roughly divided into two sets, sometimes referred to in this order as the Big Daddy defendants and the Atrius defendants. The Big Daddy defendants are the eight defendants involved in the earlier actions plus

Performance Triggers and Christopher Rios. The Atrius defendants are Atrius, Mr. Brown, and Ms. Andreoli. This leaves out C&C, Delta 7, and Mr. Myers, who have not yet appeared in the action, might not have been served, and are not yet included in either set of defendants as referred to in this order.

Rare Breed has moved for a preliminary injunction. The Big Daddy defendants and the Atrius defendants have filed separate motions to compel arbitration of all the claims. The Atrius defendants also have moved to dismiss on various other grounds. After this order was drafted, the Atrius defendants moved to amend their motion to dismiss in respects that make no difference, at least for present purposes. Miscellaneous other motions address discovery issues and the need to seal a document containing personal identifiers.

## II. Diversity jurisdiction

The sole basis of federal jurisdiction is diversity of citizenship. Rare Breed is a citizen of Texas. It was unclear whether one of the defendants, Atrius Development Group Corp. ("Atrius-Idaho"), was also a citizen of Texas. *See* ECF No. 96. The record now makes clear Atrius-Idaho is not a citizen of Texas and that diversity jurisdiction thus is present.

Only a brief explanation is warranted. Atrius-Idaho is a now-dissolved Idaho corporation whose principal place of business, when it had one, was in California. But a dissolved corporation has no principal place of business for diversity

purposes. *See Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012). So Atrius-Idaho is a citizen only of Idaho. And even if it was also a citizen of California, this would not defeat diversity.

Atrius-Idaho's founder, Malcolm Brown, wound down its operations and founded a new corporation with the same name in Montana ("Atrius-Montana"). This was a new corporation; Mr. Brown did not follow Idaho's procedures for converting an Idaho corporation to another state or Montana's procedures for domesticating a foreign corporation. *See* Idaho Code §§ 30-22-401–506, 30-29-932–30-29-935; Mont. Code Ann. § 35-14-920–35-14-924. Before this action was filed, Mr. Brown converted Atrius-Montana to a Texas corporation. But Atrius-Montana is not a party to this action. Its Texas citizenship does not affect the court's jurisdiction.

That Atrius-Idaho has been dissolved does not prevent this action from going forward against it. The capacity of a corporation to sue and be sued is determined by the law of the jurisdiction under which the corporation is organized. *See* Fed. R. Civ. P. 17(b)(1); *see also Gas Pump, Inc. v. Gen. Cinema Beverages of N. Fla., Inc.*, 982 F.2d 478, 479 (11th Cir. 1993). Under Idaho law, dissolution does not prevent commencement of proceedings against a corporation in its corporate name. Idaho Code § 30-29-1405(b)(5). A claim against a dissolved corporation must be brought within two years after proper notice of the dissolution,

*see* Idaho Code § 30-29-1407, but Atrius-Idaho has not invoked this defense, the record does not show when notice was given, if at all, and it turns out this would be an issue for the arbitrator, not the court. The dissolution does not affect the court's jurisdiction or the other pending issues.

ABC, as a party to the contract whose breach is asserted in counts 1 and 2, is almost surely a necessary party without whom those counts could not go forward over the defendants' objection. *See* Fed. R. Civ. P. 19. But the defendants—whose protection is the main goal of Rule 19 under these circumstances—have not moved to dismiss on this basis. Nothing in the record suggests adding ABC would destroy diversity, but this order requires Rare Breed to address this to avoid any later assertion to the contrary. *See Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327 (11th Cir. 2024); *Lubovich v. Chua as Tr. of Yife Tien Irrevocable Dynasty Tr.*, No. 23-23813, 2024 WL 2831562 (S.D. Fla. June 3, 2024).

In any event, ABC is not a necessary party to the tort claims asserted in counts 3 and 4. ABC's absence does not defeat jurisdiction or foreclose consideration of the pending motions.

**III. Arbitration**

The order of August 21, 2025 addressed the arbitration issue in full and concluded the dispute must be arbitrated. The order deferred entry of an order compelling arbitration only because of the jurisdictional issue. That issue has now

been resolved, so this order grants the motions to stay proceedings and compel arbitration.

This order sets deadlines for the attorneys to confer and submit proposals on arbitration procedures. And this order sets a hearing by telephone at which the procedures will be addressed.

### IV. Personal jurisdiction

Atrius-Idaho's founder Mr. Brown and his wife Lea Andreoli Brown are also named as defendants. They have moved to dismiss for lack of personal jurisdiction. But the allegations and evidence cast considerable doubt on their position. Perhaps more importantly, they moved to compel arbitration without contesting personal jurisdiction. The court has jurisdiction over them at least for the purpose of compelling arbitration. *See, e.g.*, *Halliburton Energy Serv., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 529 n.2 (5th Cir. 2019) (recognizing that a defendant may submit to personal jurisdiction for the limited purpose of compelling arbitration).

### V. Preliminary injunction

The issue of preliminary relief, like the underlying merits, is an issue for the arbitrator. In any event, the plaintiff has not shown it will suffer irreparable harm before the arbitrator can take up the issue. This order thus denies the preliminary-injunction motion without prejudice to consideration of the issue by the arbitrator.

## VI. Discovery

This action has been stayed since August 21, 2025. *See* ECF No. 97. Discovery was ongoing prior to that. This order makes clear the dispute will now be arbitrated, not litigated in this court, so no further discovery is authorized. The defendants say all previously obtained discovery materials must be returned, but this order does not go that far. Any party or nonparty had ample opportunity under the rules to object to the production of documents and to withhold them pending a ruling in the proper venue. If nonprivileged material was produced by a nonparty without objection, it need not be returned.

## VII. Conclusion

For these reasons and those set out in the August 21, 2025 order, ECF No. 97,

IT IS ORDERED:

1. The motion for a preliminary injunction, ECF No. 3, is denied without prejudice.

2. The motions to stay proceedings and compel arbitration, ECF Nos. 49 and 55, are granted.

3. The motion, ECF No. 54, for a protective order and expedited ruling on the motion to stay proceedings and compel arbitration is denied as moot.

4. The attorneys must confer on arbitration procedures by September 12, 2025.

5. The deadline to file any jointly or unilaterally proposed arbitration procedures is September 15, 2025.

6. The clerk must re-notice the September 16 hearing by telephone as a hearing on arbitration procedures.

7. The emergency motion to quash subpoenas, ECF No. 57, is granted in part. All subpoenas are quashed. All material obtained in response to a subpoena must be provided to all other attorneys of record subject to the same restraints on use and further disclosure as applicable to the party who obtained the materials.

8. The motion to disqualify attorney Glenn Bellamy, ECF No. 78, is denied without prejudice.

9. The motion, ECF No. 106, to amend the motion to dismiss is granted.

10. The motion to dismiss, ECF No. 100, as amended, ECF No. 106, is denied.

11. The motion to seal, ECF No. 105, is granted. The clerk must continue to maintain ECF No. 103-10 under seal.

12. Rare Breed must file by September 15, 2025 a notice setting out the citizenship of each of ABC's members as of the date when this action was filed and, if different, as of today. For members who are individuals, this means the

member's domicile. For members who are corporations, this means the state of incorporation and principal place of business. For members who are limited liability companies, this means the citizenship of each member.

    SO ORDERED on September 8, 2025.

                                        s/Robert L. Hinkle
                                        United States District Judge