IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC.,

    Plaintiff,

v.                                     CASE NO. 1:25cv181-RH-MAF

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

**ORDER DENYING THE MOTION TO RECONSIDER
BUT RESTRICTING USE AND DISCLOSURE OF
INFORMATION OBTAINED THROUGH DISCOVERY**

The defendants who have appeared—referred to in this order as the defendants—have moved to reconsider the denial of some defendants' motion to require the plaintiff to destroy or return documents obtained from nonparties through subpoenas. The plaintiff served the subpoenas while its motion for a preliminary injunction was pending. Had they objected, the nonparties could have blocked the document production, pending a ruling by an appropriate court, but the nonparties did not object. Nor did the nonparties seek a protective order.

The defendants' motion is long on hyperbole but shows little understanding of preliminary-injunction procedure. A district court can and sometimes should

allow discovery relevant to a preliminary-injunction motion. Defendants often complain about their *inability* to conduct adequate discovery before adjudication of such a motion; rarely do defendants complain that *too much* discovery was allowed.

Here, though, the defendants say no discovery should have been allowed. And they complain that the plaintiff has asserted it can disclose the subpoenaed documents "freely and publicly." ECF No. 115 at 7. Doing so would be remarkably unprofessional, and nothing in the record, other than the defendants' unsupported assertion, suggests the plaintiff intends to do anything of the kind. The defendants cite a 177-page filing by the plaintiff in this action, but part of it is sealed, the filing does not appear to include anything problematic, and the defendants have provided no pincite or explanation of what they assert was improper about that filing. *See* ECF No. 103-2 to 103-23.

The motion says the defendants "have done everything they can to implore the Court to protect this highly sensitive, highly private, and trade secret information from public disclosure." ECF No. 115 at 7. But they did not do the one thing that litigants do every day and that would have worked: they did not file a straightforward motion asking to restrict the documents' further use and disclosure. Instead of such a straightforward motion of that kind, some of the defendants filed a rambling, 32-page motion that railed against service of the subpoenas and

insisted that the documents be destroyed or returned. *See* ECF No. 100. Buried within that motion's unfounded criticisms of the court's overall handling of the matter were two fleeting references to a restriction on use of the documents. *Id*. at 22, 26.

The defendants have made no effort at all to explain why, if the documents at issue included trade secrets or were otherwise highly confidential, the nonparties turned them over without objection and without requesting a protective order.

This order restricts use and disclosure of the documents to an extent both sides should readily agree to. The plaintiff has not responded to the motion to reconsider—its response is not yet due—so if the plaintiff objects, it may respond to the motion and address this issue. The restriction is set out in a single paragraph, but the parties will surely understand it.

The defendants also have asked to certify the prior order for interlocutory appeal under 28 U.S.C. § 1292(b). The order does not meet the requirements of that section, most obviously because resolving the question would not expedite determination of the merits or the ultimate disposition of either this litigation or the arbitration that has been compelled. And as a matter of discretion, I would not certify the order anyway. The defendants demanded arbitration. They should get on with it.

IT IS ORDERED:

1. The motion to reconsider, ECF No. 115, is denied.

2. The motion to certify the prior order for appeal under 28 U.S.C. § 1292(b) is denied.

3. Documents obtained through subpoenas in this action, and information derived from those documents, must not be used or disclosed except for purposes of this action, the arbitration proceeding that has been compelled, Cases No. 1:21-cv-149 and 1:22-cv-61 in this court, and any appeals or petitions in those proceedings. The documents and information must not be used or disclosed for any other purpose.

SO ORDERED on October 7, 2025.

s/Robert L. Hinkle<br>United States District Judge