## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| RARE BREED TRIGGERS, INC., a Texas corporation, | Case No. 1:25-cv-00181-RH-MAF |
| *Plaintiff*, | |
| v. | |
| BIG DADDY ENTERPRISES, INC., *et al.*, | Judge Robert L. Hinkle |
| *Defendants*. | Magistrate Judge Martin A. Fitzpatrick |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER OR FOR CERTIFICATION TO APPEAL

On October 2, 2025, Defendants (other than those now in default) filed a motion to reconsider or for certification to appeal this Court's September 8, 2025, order (ECF No. 107 at 8) denying Defendants' motion for a protective order and ruling that documents subpoenaed by Plaintiff need not be returned. ECF No. 115. Before Plaintiff's response was due, the Court entered an order mostly denying the motion. ECF No. 122. The Court did specify, however, where those subpoenaed documents could be used: this action, the arbitration, and actions bearing docket numbers 1:21-cv-149 and 1:22-cv-61. ECF No. 122 at 4 ¶ 3.

Plaintiff does not object to the Court's specification. Unfortunately, due to Defendants' counsel's repeated threats and motions directed to Plaintiff's counsel

regarding discovery and protective orders,[1] Plaintiff respectfully requests further

clarification.

---

[1] On August 5, 2025, Defendants moved not only to quash the subpoenas, but also to sanction Plaintiff's counsel by "revok[ing] Mr. Fusaro's and Mr. Contarino's privileges of appearing *pro hac vice* before this Court." ECF No. 57 at 14. Meanwhile, in their motion for certification, Defendants now state there "is substantial ground for difference of opinion" on the arguments they raised in their motion to quash and for sanctions. ECF No. 115 at 19–27. In other words, Defendants never had a legitimate basis to try to sanction Plaintiff's counsel but they attempted to do it anyway.

On August 11, 2025, Defendants moved to disqualify Plaintiff's counsel Glenn Bellamy for performing patent work that Defendants seek to cram into a prosecution bar in the protective orders of 1:21-cv-149 and 1:22-cv-61. ECF No. 78. Defendants later incorporated that filing into a motion for the same relief filed in 1:21-cv-149 and 1:22-cv-61. One remarkable aspect of that disqualification motion is that if the prosecution bar is a broad as Defendants urge, then defense counsel Adam Floyd is presently violating it by litigating an IPR against one of the forced reset patents to which Plaintiff is the exclusive licensee.

On August 18, 2025, defense counsel Adam Floyd demanded that subpoenaed documents in this matter be designated attorney eyes only. Plaintiff's counsel responded that defense counsel had no authority to designate documents because there was no protective order. Defense counsel responded with a couched threat of "personal liability" if the subpoenaed documents were not safeguarded. Ex. A.

On September 8, 2025, defense counsel Adam Floyd again demanded that subpoenaed documents in this matter be designated attorney eyes only. Plaintiff's counsel again responded that there was no authority to designate documents in this case attorney eyes only or otherwise. Defense counsel again repeated a veiled threat of "personal liability" because some of the subpoenaed parties allegedly had NDAs, and claimed that a subpoenaing attorney must "inquire about the source of the information" returned in response to a subpoena Ex. B at 2. Plaintiff's counsel explained that it is not incumbent upon the subpoenaing attorney to ensure the subpoenaed party complies with the law—that rests with the subpoenaed party.

There is no question that Defendants were on notice of the Court's July 10, 2025, scheduling conference and chose not to participate. *See* ECF Nos. 20, 22, 39, 68, 69 (affidavits of service); ECF No. 102 at 8–13 (documenting the slew of emails that defense counsel and Defendants received noticing them of the July 10, 2025, scheduling conference).[2]

Had Defendants appeared at the conference, perhaps they would have insisted on a protective order or perhaps not. In any event, there was no protective order when either Plaintiff served its third-party subpoenas or when it received documents responsive to those subpoenas. Plaintiff's representatives were therefore within their rights to review the subpoenaed materials. Nevertheless, defense counsel attempted to unilaterally designate apparently all subpoenaed documents attorney eyes only without any authority to do so.

---

[2] Indeed, in response to July 3 and July 7, 2025, emails, defense counsel Michael Smith wrote that he "could attend the hearing with the understanding that [he does] not yet represent any party." ECF No. 102 at 10. Apparently he did not follow through with that, even though bank records confirm that on July 10, 2025—the date of the scheduling conference—Defendant Performance Triggers, Inc. made a $55,000 payment to the "Law Offices of Michael J Smith" and a $15,000 payment to the "Law Offices of Michael J Smith." ECF No. 115, Ex. 2. This further belies the claim that Defendants did not have notice of the July 10 scheduling conference, and also the claim that Performance Triggers was somehow "defunct" at that time. So despite confirming prior to the scheduling conference that he could attend, and despite already being retained on the date of the scheduling conference, defense could did not appear in the case until 21 days later on July 31, 2025. ECF No. 55.

Now that the Court has limited the use of the subpoenaed documents to the arbitration, this action (without a protective order), and 1:21-cv-149 and 1:22-cv-61 (with protective orders), Plaintiff asks this Court to clarify that there will be no retroactive effect to defense counsel's improper attempt to designate documents obtained in a lawsuit without a protective order attorney eyes only or otherwise. In other words, to the extent any designation of the documents is appropriate in 1:21-cv-149 and 1:22-cv-61, then Defendants must so state prospectively, with specificity, as required under the protective orders in those matters.

Dated: October 16, 2025

Respectfully submitted,

**DHILLON LAW GROUP, INC.**

By: */s/ Josiah Contarino*
    Josiah Contarino (Admitted PHV)
    Jacob William Roth (Bar No. 1036551)
    Anthony J. Fusaro, Jr. (Admitted PHV)
    1601 Forum Place, Suite 403
    West Palm Beach. FL, 33401
    415-433-1700
    jcontarino@dhillonlaw.com
    jroth@dhillonlaw.com
    afusaro@dhillonlaw.com

**WOOD HERRON & EVANS LLP**

By: /s/ Glenn D. Bellamy
    Glenn D. Bellamy (Admitted PHV)
    600 Vine Street, Suite 2800
    Cincinnati. Ohio 45202
    gbellamy@whe-law.com

*Attorneys for Plaintiff*
*Rare Breed Triggers, Inc.*

**Certificate of Word Count**

Pursuant to Northern District of Florida Rule 7.1(F), I hereby certify that the foregoing Brief, including body, headings, quotations, and footnotes, and excluding those portions exempt by Local Rule 7.1(F), contains 893 words as measured by Microsoft Office for Word.

*/s/ Josiah Contarino*
Josiah Contarino

**Certificate of Service**

I HEREBY CERTIFY that on **October 16, 2025**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Josiah Contarino*
Josiah Contarino