## Josiah Contarino (Dhillon Law)

| | |
|---|---|
| **From:** | Josiah Contarino (Dhillon Law) |
| **Sent:** | Tuesday, September 9, 2025 12:03 PM |
| **To:** | Adam Floyd |
| **Cc:** | Michael Smith; DPR; Glenn Bellamy |
| **Subject:** | RE: [EXTERNAL] Re: FW: Activity in Case 1:25-cv-00181-RH-MAF RARE BREED TRIGGERS INC v. BIG DADDY ENTERPRISES INC et al. Response to Motion |

Adam, it is not incumbent upon me to ask a party who responds to a subpoena *duces tecum* where the provided documents came from. It is incumbent upon the subpoenaed party to respond in whatever way it must under the law. I note you provided no authority for your claim.

I did not think you were still going to file your second motion for correction given yesterday's court's order. In any event, you said below that you "will be correcting Brown's recollection of receiving one $60,000 payment from BDU in March 2022 to receipt of three $20k payments." Where in the protective order motion is there any reference to a $60,000 payment from BDU? Where in Brown's declaration is there any reference to a $60,000 payment from BDU?

**Josiah Contarino**

Dhillon Law Group Inc.
50 Park Place, Suite 1105
Newark, NJ  07102
917-423-7221
jcontarino@dhillonlaw.com
www.dhillonlaw.com
*Admitted in New York and New Jersey*



This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.

---

**From:** Adam Floyd <AFloyd@floydip.com>
**Sent:** Tuesday, September 9, 2025 10:45 AM
**To:** Josiah Contarino (Dhillon Law) <JContarino@dhillonlaw.com>
**Cc:** Michael Smith <MSmith@thefowlerlawfirm.com>; DPR <dpr@reinerslaw.com>; Glenn Bellamy <gbellamy@whe-law.com>
**Subject:** Re: [EXTERNAL] Re: FW: Activity in Case 1:25-cv-00181-RH-MAF RARE BREED TRIGGERS INC v. BIG DADDY ENTERPRISES INC et al. Response to Motion

**External Email**

Josiah,

No, we're claiming that the information is confidential corporate information which is owned by one of the Defendants. Some of the information was misappropriated by employees or former employees in violation of their NDAs. Bellamy, Maxwell, DeMonico knew about the NDAs and in some instances asked employees to take information from BDU. This is not a P.O. issue, it's much more serious and gives rise to personal liability to those involved. So, when you receive information from those individuals you should inquire about the source of the information, so as to avoid being implicated in wrong doing. These transgressions were an on-going battle in the last case. I had saved the emails and had started the draft of a motion, but then the case settled. I just don't want you to unwittingly become involved.

I still need to know whether you will oppose the motion correct a factual mistake in our motion for protection. Even if denied, we'd like to make the record complete, so as to avoid being accused of not correcting something we discovered was filed in error.

Best,
Adam

On Mon, Sep 8, 2025 at 8:08 PM Josiah Contarino (Dhillon Law) <JContarino@dhillonlaw.com> wrote:

> Adam and Michael,
>
> As mentioned in the email correspondence we exchanged on August 18, 2025, you have no authority to unilaterally designate documents received in this matter attorney's eyes only or otherwise. You filed multiple motions for protective orders and the court did not grant them. The court's order from today confirms that non-privileged material produced by nonparties need not be returned and that subpoenaed materials must be provided to all attorneys of record, which we've already done. I trust that you are not claiming that materials that could be subject to an NDA—an NDA to which Plaintiff is not a party—are privileged. If you are, or if you are basing your unilateral designation on some other authority, please provide it. Otherwise, we will continue to use the discovery as we see fit.
>
> **Josiah Contarino**
>
> Dhillon Law Group Inc.
>
> 50 Park Place, Suite 1105
>
> Newark, NJ  07102
>
> 917-423-7221
>
> jcontarino@dhillonlaw.com
>
> www.dhillonlaw.com

*Admitted in New York and New Jersey*



This email may be an attorney client privileged communication. If you received it in error, please destroy it and inform the sender.

**From:** Michael Smith <MSmith@thefowlerlawfirm.com>
**Sent:** Monday, September 8, 2025 3:44 PM
**To:** Adam Floyd <AFloyd@floydip.com>; Josiah Contarino (Dhillon Law) <JContarino@dhillonlaw.com>
**Cc:** DPR <dpr@reinerslaw.com>; Glenn Bellamy <gbellamy@whe-law.com>
**Subject:** RE: [EXTERNAL] Re: FW: Activity in Case 1:25-cv-00181-RH-MAF RARE BREED TRIGGERS INC v. BIG DADDY ENTERPRISES INC et al. Response to Motion

**External Email**

This would also include any text communications of any former BDU employees, namely Omar Zumot and Josh Baker, relating to any business of BDU.

**MICHAEL J. SMITH**

**Chief of Civil Litigation and IP**

**THE FOWLER LAW FIRM**

Direct: 512-476-8102

**From:** Adam Floyd <AFloyd@floydip.com>
**Sent:** Monday, September 8, 2025 2:29 PM
**To:** Josiah Contarino (Dhillon Law) <JContarino@dhillonlaw.com>
**Cc:** DPR <dpr@reinerslaw.com>; Michael Smith <MSmith@thefowlerlawfirm.com>; Glenn Bellamy <gbellamy@whe-

law.com>

**Subject:** [EXTERNAL] Re: FW: Activity in Case 1:25-cv-00181-RH-MAF RARE BREED TRIGGERS INC v. BIG DADDY ENTERPRISES INC et al. Response to Motion

> Caution: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

 Neutral (From: afloyd@floydip.com, External)   

Josiah,

To the extent DeMonico or Bellamy failed to tell you, BDU former employees all signed an NDA. Any documents they have belonging to BDU, should be treated as attorneys' eyes only (excluding Bellamy). They should also be filed under seal, not in open court, unless we agree in advance. Approval not be unreasonably withheld.

Best,

Adam

On Mon, Sep 8, 2025 at 12:58 PM Adam Floyd <AFloyd@floydip.com> wrote:

Josiah,

Defendants will be filing a motion correcting a factual mistake in their Motion for Protection which was coupled with their Rule 12 motion. We will be correcting Brown's recollection of receiving one $60,000 payment from BDU in March 2022 to receipt of three $20k payments. Let me know if you oppose.

Adam