IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RARE BREED TRIGGERS, et al.**
**Plaintiffs.**                                           CASE NO. 1:25-CV-00181-RH-MAF

　　　　-vs-

**BIG DADDY ENTERPRISES, et al.**
**Defendants.**

---

### DEFENDANTS ANDREW MYERS' and DELTA 7 LLC'S MOTION TO SET ASIDE CLERK'S DEFAULT FOR LACK OF SERVICE

---

Defendants Andrew Myers and Delta 7 LLC file this Motion to Set Aside Clerk's Default for Lack of Service and would show the Court as follows:

Pursuant to Fed. R. Civ. Proc. 55(c), the Court may set aside an entry of default for good cause. In this case, neither Delta 7 LLC nor Andrew Myers individually have been properly served. The declaration of Andrew Myers attached hereto is incorporated herein for all purposes.

Defendants Andrew Myers and Delta 7 LLC request the Court vacate the Clerk's Entry of Default entered against them [ECF Nos. 119 and 121].

1

**PLAINTIFF'S PROOF OF SERVICE**

Plaintiff submitted the same proof of service in support of their Applications for Entry of Default against both Andrew Myers and Delta 7 LLC [ECF Nos. 116-2 and 118-2]. It should first be noted that while the Clerk did issue proper summons [ECF Nos. 13-1 and 13-15], the proof of service submitted by Plaintiffs is for service of a subpoena and not a summons. [ECF Nos. 116-2 and 118-2](Form AO 88B "I received this subpoena…").

In both cases, the process server stated that he served Maryann Markow, wife of Florida attorney Richard Markow, at their home (not at Mr. Markow's office). The process server claimed that Richard Markow "appoint[ed] himself as the designated attorney to represent both DELTA 7 LLC and the Resident Agent of Record ANDREW MYERS." *Id.*

First, Plaintiff failed to follow Florida State Law in serving Delta 7 LLC by failing to attempt service first on the registered agent as further discussed below. Second, even if service on Mr. Markow were effective as to Delta 7 LLC, it is certainly not effective on Andrew Myers.

**INEFFECTIVE SERVICE ON DELTA 7 LLC**

Fed. R. Civ. P. 4(h) provides that service on a company can be accomplished in the same manner as prescribed for service on an individual under Fed. R. Civ. P.

4(e)(1) which provides that service should follow state law, in this case, Florida law, regarding service of a summons.

Under §48.062(2) Fla. Stat. (2025), service on a limited liability company must first be attempted on the LLC's registered agent. If unsuccessful, then §48.062(3) Fla. Stat. (2025) provides that:

> If service cannot be made on a registered agent of the domestic limited liability company or registered foreign limited liability company **because the domestic limited liability company** or registered foreign limited liability company **ceases to have a registered agent, or** if the registered agent of the domestic limited liability company or registered foreign limited liability company **cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter or chapter 605,** the process may be served on any of the following:
>
> (a)    Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b)    Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
>
> (c)    Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

(emphasis added). While Delta 7 LLC was voluntarily dissolved in July 2024, dissolution does not "terminate the authority of the registered agent of the limited liability company." §605.0717(d) Fla. Stat. (2025). As a dissolved company, §48.101(3) Fla. Stat. (2025) provides additional guidance on service of process:

> (a)    Process against any dissolved domestic limited liability company must be served in accordance with s. 48.062.

>   (b)   In addition, **provided that service was first properly attempted on the registered agent pursuant to s. 48.062(2), but was not successful**, service may then be attempted as required under s. 48.062(3). In addition to the persons listed in s. 48.062(3), service on a dissolved domestic limited liability company may be made on the person appointed as the liquidator, trustee, or receiver under s. 605.0709.

(emphasis added). So, under Florida law, Plaintiff **must** first attempt service on the registered agent, then, if not successful can proceed to attempt service, in order, on the manager or a member of the LLC, any other person listed on the latest annual report, and finally, any person appointed as the liquidator, trustee or receiver.

While Delta 7 LLC had dissolved, Andrew Myers remained the registered agent as named on the last filed annual report. **Exh. 1**. Mr. Markow's filing of Delta 7 LLC's Articles of Dissolution does not remove Myers as the registered agent, it simply lists Mr. Markow as an attorney responsible for the winding up of the company. **Exh. 2**. It should also be noted that while Mr. Markow clearly lists the address of his law practice on the Articles of Dissolution, Plaintiff's process server elected to attempt service on Mr. Markow at his home, not his office. And Mr. Markow himself was not served. His wife was the person served, making service on Mr. Markow as the liquidator of the company questionable, if not ineffective.

There is no evidence in the record that Plaintiff ever attempted service on Andrew Myers as the registered agent of Delta 7 LLC. Given Florida law's clarity that the service must first be attempted on the registered agent, Plaintiff's service on Mr. Markow's wife was not effective and Delta 7 LLC has not been properly served.

4

**NO SERVICE ON ANDREW MYERS**

As for Andrew Myers individually, Plaintiff has never properly served him. §48.031(1)(a) Fla. Stat. (2025) sates that service on an individual is made "by delivering a copy of it to the person being served…or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older…." Even assuming service was effective on Delta 7 LLC through service on Mr, Markow's wife, that does not equate to service on Andrew Myers individually. In fact, the statement of the process server is that Richard Markow "appoint[ed] himself as the designated attorney to represent both DELTA 7 LLC and the **Resident Agent of Record** ANDREW MYERS." [ECF No. 116-2 (emphasis added)]. There is absolutely no assertion that Mr. Markow or his wife had any authority whatsoever to accept service on behalf of Andrew Myers individually. And there is no evidence that Plaintiff even attempted to serve Mr. Myers individually.

**CLERK'S ENTRY OF DEFAULT MUST BE SET ASIDE**

"Where default is entered by a clerk of court but service is found to be insufficient or otherwise improper, the default should be vacated. *Randall v. Crist*, No. 5:03cv220-MMP/WCS, 2005 U.S. Dist. LEXIS 49340, at *5 (N.D. Fla. 2005)(citations omitted)(adopted by 2005 U.S. Dist. LEXIS 26220). In this case, service was not effective on Delta 7 LLC as there is no evidence that Plaintiff first attempted to serve the registered agent as required by §§48.062(3) and §48.101(3)

5

Fla. Stat. (2025) prior to serving the wife of the liquidator of the dissolved company. There is also no attempt whatsoever to serve Andrew Myers individually.

**CONCLUSION**

Based on the foregoing, Defendants Andrew Myers and Delta 7 LLC respectfully request the Court vacate the entry of default judgment entered by the clerk against them [ECF Nos. 119 and 121].

| | |
|---|---|
| October 20, 2025 | Respectfully submitted, |
| | s/ *Michael J. Smith* |
| | Michael J. Smith |
| | Texas Bar No. 24037517 |
| | **THE FOWLER LAW FIRM P.C.** |
| | 3301 Northland Drive, Suite 101 |
| | Austin, Texas 78731 |
| | Tel. No.: (512) 441-1411 |
| | Email: msmith@thefowlerlawfirm.com |
| | |
| | *Attorney for Defendants Big Daddy Enterprises, Inc., Big Daddy Unlimited, Inc., Blackstock, Inc., Wide Open Enterprises, LLC, We Got Ammo, Inc., Performance Triggers Inc., Anthony McKnight, Sherrie McKnight, Douglas Rios, Christopher Rios, Delta 7 LLC and Andrew Myers* |

## LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel for Defendants certifies that this Motion contains 1,149 words, excluding portions exempted by the Rule and complies with Local Rule 7.1(J).

## CERTIFICATE OF CONFERRAL

Counsel for Plaintiff confirmed by email to undersigned counsel on October 17, 2025 that Plaintiff plans to oppose this motion.

## CERTIFICATE OF SERVICE

I certify that, on October 20, 2025 I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification to counsel for all other parties.

*/s/ Michael J. Smith*
Michael J. Smith