# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG DADDY ENTERPRISES, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00181-RH-MAF<br><br><br>Judge Robert L. Hinkle<br>Magistrate Judge Martin A. Fitzpatrick |

## PLAINTIFF'S OPPOSITION TO DEFENDANT ANDREW MYERS AND DELTA 7, LLC'S MOTION TO SET ASIDE DEFAULT

Defendants Andrew Myers and Delta 7 LLC move to set aside the clerk's entry of default dated October 3, 2025, asserting that they were not properly served under Florida law. ECF No. 127 at 1. Defendants Myers and Delta 7 are being represented by counsel for BDU Defendants,[1] after those Defendants previously represented to the Court filing that Myers and Delta 7 were "independent of any other defendant in the matter," that Myers and Delta 7 were "not the responsibility of" the BDU Defendants, and that Plaintiff's allegations of connection between the two sets of Defendants were "simply not true." ECF No. 110 at 7.

---

[1] That is, Defendants Big Daddy Enterprises, Inc., Big Daddy Unlimited, Inc., Blackstock, Inc., Wide Open Enterprises, LLC, We Got Ammo, Inc., Performance Triggers Inc., Anthony McKnight, Sherrie McKnight, Douglas Rios, and Christopher Rios.

Defendants' flip-flop on this issue notwithstanding, their motion fails on both factual and legal grounds.

Plaintiffs exercised diligent, multi-step efforts to serve both Defendants, including attempts at Myers's last known residences and the registered agent address listed on Delta 7's most recent annual report, engagement of a licensed private investigator, and ultimately service on the attorney designated in Delta 7's Articles of Dissolution to wind up the company's affairs. This service complied, or at the very least substantially complied, with Rule 4(e)(1) and Rule 4(h) of the Federal Rules of Civil Procedure and the applicable provisions of the Florida Statutes.

Even if there were a technical defect in service, Defendants clearly received notice of the summons and complaint and have not shown "good cause" to set aside default under Federal Rule of Civil Procedure 55(c) and controlling Eleventh Circuit precedent. They have not demonstrated excusable neglect, a meritorious defense, or prompt action to correct their default.

Accordingly, the motion should be denied in its entirety.

## STATEMENT OF RELEVANT FACTS

On July 7, 2025, Plaintiff attempted to serve Andrew Myers at his last known address of 693 SW Hamlet Circle, Lake City, Florida 32024. Myers's

brother stated Myers no longer lived there, refused to provide his whereabouts, and declined the process server's business card. Declaration of Josiah Contarino ("Contarino Decl."), ¶¶ 3–4.

That same day, Plaintiffs attempted service on Delta 7 LLC at 881 SW Brookdale Drive, Lake City, Florida 32025 — the registered agent address (*i.e.*, Andrew Myers) for Delta 7 LLC, as listed on Delta 7's most recent annual report filed with the Florida Department of State. Contarino Decl., ¶ 5. The resident at that address advised that he had moved in roughly three months earlier and did not know Myers or his whereabouts. Contarino Decl. ¶¶ 5–6.

After these unsuccessful attempts, Plaintiffs retained a licensed private investigator who conducted an independent search for new addresses for Myers and Delta 7. Declaration of Frank Curcio ("Curcio Decl.") ¶¶ 4–5. Not one was located. Curcio Decl. ¶¶ 4–5.

The investigator reviewed Delta 7's Articles of Dissolution, which confirmed that attorney Richard Markow was designated to "wind up" the company's affairs and that Delta 7 had no members. Curcio Decl. ¶ 5.

The investigator attempted service on attorney Markow at his Gainesville office address listed in the dissolution filing. Curcio Decl. ¶¶ 6–7. The process server could not locate Mr. Markow at that office, could not locate any exterior or interior signage confirming that this was Mr. Markow's office, and instead learned

that Mr. Markow actually sublet an office from Jose Moreno. Curcio Decl. ¶ 7. Mr. Morena or his staff explained that Mr. Markow was not at the office, that there was no expectation of his return, that he is not usually at the office, that he is in Bradenton, Florida, and that he only comes to the office "on and off." Curcio Decl. ¶ 7.

The investigator then located Markow's residence at 3514 Big Sky Way, Bradenton, Florida 34211, where process was served for both Delta 7 LLC and Andrew Myers. Curcio Decl. ¶¶ 9–11.

Neither Defendant filed a response or appearance, and on October 3, 2025, the Clerk entered defaults against Myers and Delta 7 LLC. Defendants waited until October 20, 2025, to move to set aside those defaults.

## ARGUMENT

### I. Legal standard.

FRCP 55 authorizes the entry of default and default judgment when a party fails to plead or otherwise defend against a complaint. *See* Fed. R. Civ. P. 55(a), (b)(2). Once default is entered, the well-pleaded factual allegations of the complaint regarding liability are deemed admitted, except those pertaining to damages. *See Alternative Materials, LLC v. Monroe*, No. 5:20-CV-239-AW/MJF, 2023 WL 3776251, at *3 (N.D. Fla. Apr. 24, 2023), *report and recommendation adopted sub nom. Alternative Materials, LLC v. TCH Constr. Grp., Inc.*, No. 5:20-

CV-239-AW-MJF, 2023 WL 5532161 (N.D. Fla. Aug. 28, 2023) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

FRCP 4(e) provides that "service of process is valid if the state law procedure for effecting service is followed." *Cordell Funding, LLLP v. Jenkins*, No. 11-80988-CIV, 2013 WL 12080922, at *2 (S.D. Fla. Jan. 30, 2013), *report and recommendation adopted,* No. 11-80988-CIV, 2013 WL 12080908 (S.D. Fla. Mar. 4, 2013) (citing Fed. R. Civ. P. 4(e)(1)).

Under Florida law, service of process may be completed by personally delivering the summons and complaint to the person being served or by leaving those documents at the person's usual residence with someone who lives there and is at least fifteen years old. Fla. Stat. Ann. § 48.031(1)(a).

## II. Service on Delta 7 LLC was proper under Florida law.

### A. Plaintiff attempted service first at Delta 7's registered agent address.

If a Florida LLC has been dissolved and its registered agent cannot be located or served after a good-faith effort, process may be served on anyone identified in the company's most recent annual report or on the individual appointed to wind up its affairs as liquidator, trustee, or receiver. Fla. Stat. §§ 48.062(3); 48.101(3)(b).

Defendants' motion rests on the mistaken claim that Plaintiff "fail[ed] to attempt service first on the registered agent" as required by Fla. Stat. Ann. § 48.062(2).[2] ECF No. 127 at 2, 3. The record squarely refutes that claim.

Plaintiff's first attempt at service on July 7, 2025, occurred at 881 SW Brookdale Drive, Lake City, Florida, the exact address listed on Delta 7's most recent annual report as the address of its registered agent, Andrew Myers, and its principal office. Plaintiffs thereby fully complied with section 48.062(2).

When the process server learned that Delta 7's agent (Myers) no longer resided at that address and the property was occupied by unrelated tenants, Plaintiff was entitled under section 48.062(3)—service on a member[3]—and section 48.101(3)—service on a dissolved LLC—to serve another qualifying representative, including "the person appointed as the liquidator, trustee, or receiver under § 605.0709."

### B. Service on Delta 7's liquidating attorney was effective or substantially compliant.

As with service on an individual, substitute service on a dissolved LLC may be effected by leaving the process with a resident at the home of its registered agent, listed representative, or designated liquidator, provided that person is at least

---

[2] FRCP 4(h) addresses service on a company and provides that service is appropriate if done by "following state law." Fed. R. Civ. P. 4(h), (e)(1).
[3] As stated, Delta 7's Articles of Dissolution indicated Delta 7 no longer had any members.

fifteen years old. *See Adan v. Bermudez*, No. 1:19-CV-20825-KMM, 2019 WL 13237715, at *2 (S.D. Fla. May 22, 2019) ("[B]oth individuals and LLCs can be served pursuant to Florida Statute Section 48.031, which authorizes substitute service"); *see, e.g.*, *Kinsale Ins. Co. v. Siddhi Hosp. Orlando, LLC*, No. 6:23-CV-1046-PGB-EJK, 2024 WL 3342141, at *4 (M.D. Fla. June 21, 2024), *report and recommendation adopted*, No. 6:23-CV-1046-PGB-EJK, 2024 WL 3757750 (M.D. Fla. July 8, 2024) (granting a motion for default judgment where an LLC was served through the spouse of the registered agent at their shared address).

Delta 7's Articles of Dissolution designated attorney Richard Markow to wind up the company's affairs. Once service on the registered agent or a company member proved impossible, Florida law authorized service on a dissolved limited liability company to include a liquidating attorney. Fla. Stat. Ann. § 48.101(3)(b).

The investigator's service of process at Markow's residence—after attempting service at what appeared to be an abandoned law office—constituted valid or, at minimum, substantial compliance with Florida's service statute. *Am. Hosp. of Miami, Inc. v. Nateman*, 498 So. 2d 444, 445 (Fla. Dist. Ct. App. 1986) (explaining hypertechnical defects do not defeat service because the purpose is to give a defendant notice and an opportunity to defend).

Florida law does not demand hypertechnical perfection in service, only that the method used is reasonably calculated to give notice. Plaintiff's efforts—

7

registered-agent attempt, investigator search, and service on the designated liquidating attorney—easily meet that standard. Nowhere in Defendants' motion do they claim they were not provided notice of this lawsuit. It therefore is plain that Defendant Delta 7 was given (and received) notice and had an opportunity to defend.

The arguments that Defendants added via amendment to their motion to vacate do not save the motion. Markow's declaration claims that Plaintiff's process server and private investigator, Frank Curcio, when attempting to serve Defendants at Markow's office, "refused to provide any information about the case or the parties [I] was attempting to serve." ECF No. 127-1 ¶ 6. Yet Curcio was neither asked for, nor would be permitted to provide, case information to an uninvolved third party. Curcio Decl. ¶ 13. Nor was Plaintiff's process server offered the phone to speak with Markow. Curcio Decl. ¶ 14.

Markow's argument that the winding had already occurred before service is neither here nor there. Markow may try to disavow his registered agent status, but that does not make it so. Indeed, the liquidating attorney never even filed with the Florida Division of Corporations a statement of termination that would have confirmed Delta 7 had "completed winding up its activities and affairs." *See* Fla. Stat. Ann. § 605.0709. Markow is also factually wrong to represent that the service

was placed on his porch when it was instead handed to the occupant who opened the door. Curcio Decl. ¶ 16.

In sum, service was valid because it was left at the liquidator's residence with a co-occupant of suitable age. Fla. Stat. Ann. §§ 48.031(1)(a), 48.062(3), 48.101(3)(b); *Adan*, 2019 WL 13237715, at *2; *Kinsale*, 2024 WL 3342141, at *4. Thus, RBT satisfied each statutory step required by Florida law: it first attempted service on Delta 7's registered agent, then properly served its liquidator. *See* Fla. Stat. Ann. §§ 48.062(3), 48.101(3)(b) ("In addition to the persons listed in s. 48.062(3), service on a dissolved domestic limited liability company may be made on the person appointed as the liquidator, trustee, or receiver").

Accordingly, because Delta 7 was properly served and therefore its motion to set aside should be denied.

**III. Service on Andrew Myers was proper or substantially complied with FRCP 4(e) and Florida Statute Section 48.031.**

FRCP 4(e) permits service on an individual as required under state law, or by delivery a copy to an agent authorized by appointment to receive service of process. Fed. R. Civ. P. 4(e)(1), (e)(2)(C). Under Florida Statute 48.031(1)(a), service on an individual is accomplished by delivering process to the individual personally or leaving it at his usual place of abode with a co-resident at least fifteen years old. Florida law also recognizes that good-faith, diligent attempts at personal service constitute substantial compliance where strict compliance proves

impossible. *Delancy v. Tobias*, 26 So. 3d 77, 79–80 (Fla. Dist. Ct. App. 2010) (finding service by mail valid after substantial efforts were made to locate the defendant's whereabouts and numerous attempts to serve the defendant personally). So too with the Eleventh Circuit, which as has recognized that FRCP 4(b) "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *See Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) (internal quotations and citation omitted).

In "Florida, a technical variance between the summons and the complaint which does not result in prejudice to the defendant does not serve to invalidate the service." *Am. Hosp. of Miami*, 498 So. 2d at 446. An important factor for the *Am. Hosp. of Miami* court was that the defendant never claimed it did not receive notice. Similarly, here, neither Defendant Myers nor Defendant Delta 7 contend that they did not receive notice of the lawsuit.

This is not surprising because an agent of Defendants was served. Plaintiffs made multiple good-faith attempts to serve Myers at his last known addresses, engaged a licensed investigator to locate him, and ultimately served process at the residence of the attorney designated to wind up his company. Given Myers's dual role as Delta 7's registered agent and principal, service at the same location and through the same attorney was reasonably calculated to give him notice. *Conde v. Pro. Mediquip of Fla., Inc.*, 436 So. 2d 322, 323 (Fla. Dist. Ct. App. 1983)

(explaining object of service is giving the defendant notice so it would have an opportunity to defend); *see also Sanderford*, 902 F.2d at 901 (affirming denial of defendant's motion to vacate default judgment when there was no prejudice and service substantially complied with the requirements of Rule 4 despite defect).

Accordingly, service on Myers individually was at least substantially compliant with Florida law and effective under Rule 4(e)(1) or 4(e)(2)(C). Defendant Myers was given (and received) notice and had an opportunity to defend. Defendant Myers's motion to set aside default should therefore be denied.

**IV. Defendants have not demonstrated "good cause" under Rule 55(c).**

Defendants must show "good cause" to set aside default. Fed. R. Civ. P. 55(c).

"Good cause is not precisely defined and often depends upon the court's consideration of whether 'the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.'" *George v. Snyder*, 847 F. App'x 544, 548-49 (11th Cir. 2021) (citing *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)).

Defendants satisfy none of these factors. Notably absent from Defendant Myers' declaration is a representation that he was not made aware of the lawsuit through service of the attorney he appointed to wind up the affairs of Defendant

11

Delta 7 or otherwise. *See* ECF No. 127-2 at 1–2. If Myers were not aware of the lawsuit, that surely would have been included in his declaration.

Nor does the declaration explain any mitigating circumstances to avoid the inescapable inference that his default was willful. Indeed, the little that is known supports that Myers' failure to timely appear in this litigation was an intentional litigation strategy. *First*, the other Defendants have previously taken the position that Myers and Delta 7 were "independent of any other defendant in the matter," that they were "not the responsibility of" the other Defendants, and that Plaintiff's allegations of connection between the two sets of Defendants were "simply not true." ECF No. 110 at 7.

*Second*, defense counsel's conferral notice that it planned to file this motion to set aside default came *one business day* after Plaintiff had contacted Myers and Delta 7 about providing information on the other defendants. Declaration of Lawrence DeMonico ¶¶ 3–4. This is further evidence of gamesmanship: so long as Myers and Delta 7 were not a liability to Defendants, their non-participation was desired by Defendants.

Defendants Myers and Delta 7 also fail to include in their motion a meritorious defense. This failure alone justifies denial of their motion to set aside default.

Finally, setting aside the defaults would substantially prejudice Plaintiff, which has already expended considerable time and resources pursuing service, investigating the dissolved entity, and litigating against frivolous motions filed by Defendants. Reopening the case as to Myers and Delta 7 would increase discovery costs and delay resolution against them. Proceeding through post-judgment discovery after entry of default judgment would be far more efficient and equitable, allowing Plaintiff to obtain necessary information without rewarding Defendants' failure to appear. Nor can Myers and Delta 7 simply consent to arbitration. Neither party has filed a motion to compel arbitration.

## CONCLUSION

For the foregoing reasons, Defendants' motion to set aside default should be denied in full.

Dated: November 12, 2025

Respectfully submitted,

**DHILLON LAW GROUP, INC.**

By: */s/ Josiah Contarino*
Josiah Contarino (Admitted PHV)
Jacob William Roth (Bar No. 1036551)
Anthony J. Fusaro, Jr. (Admitted PHV)
1601 Forum Place, Suite 403
West Palm Beach. FL, 33401
415-433-1700
jcontarino@dhillonlaw.com
jroth@dhillonlaw.com
afusaro@dhillonlaw.com

**WOOD HERRON & EVANS LLP**

By: */s/ Glenn D. Bellamy*
    Glenn D. Bellamy (Admitted PHV)
    600 Vine Street, Suite 2800
    Cincinnati. Ohio 45202
    gbellamy@whe-law.com

*Attorneys for Plaintiff*
*Rare Breed Triggers, Inc.*

**Certificate of Word Count**

Pursuant to Northern District of Florida Rule 7.1(F), I hereby certify that the foregoing Brief, including body, headings, quotations, and footnotes, and excluding those portions exempt by Local Rule 7.1(F), contains 2727 words as measured by Microsoft Office for Word.

**Certificate of Service**

I HEREBY CERTIFY that on **November 12, 2025**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        */s/ Josiah Contarino*
                                        Josiah Contarino