# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG DADDY ENTERPRISES, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00181-RH-MAF<br><br><br><br><br><br>Judge Robert L. Hinkle<br>Magistrate Judge Martin A. Fitzpatrick |

## DECLARATION OF FRANK CURCIO

I, Frank Curcio, have personal knowledge of the following facts set forth below, and if called as a witness I would testify as follows:

1. I am a licensed Florida private investigator with license number FDACS #C-3300351.

2. I am also a certified process server in the Eighth Judicial Circuit.

3. I own and operate Confidential Intell, LLC, which is a Florida licensed private investigation agency with license number FDACS #A-3300191.

4. On or around July 31, 2025, I was retained as a dual licensed private investigator and certified process server to locate and serve Andrew Myers and Delta 7 LLC. This was after a previous process server attempted service on the last known addresses for Myers and Delta 7 to no avail.

5.      After a diligent search and investigation, I concluded that Myers could not be located. Additionally, I found the Florida corporate registered address listed for Delta 7 was a fraudulent address,[1] and I determined that Delta 7 and Myers as registered agent could be served upon attorney Richard Markow, who signed Delta 7's Articles of Dissolution as "the person appointed and listed above to wind up the company's activities and affairs." ECF No. 127-4 at 3.   I also found that Markow never filed a public "statement of termination" with the Florida Division of Corporations after winding up.

6.      Markow listed his law office address in Delta 7's Articles of Dissolution as 240 NW 76th Dr., Suite D, Gainesville, FL 32607. On or around August 1, 2025, I attempted service at that address.

7.      I found his "office" to be atypical as there was no exterior or interior signage to identify Markow or his firm. Instead, Markow sublets an office from another attorney, Jose Moreno. Between Moreno and his staff, I was informed that Markow was not at the office, that there was no expectation of his return, that he is

---

[1] Delta 7's most recently filed annual report listed 9200 NW 39th Avenue, Suite 130, Gainesville, FL 32606. Suite 130 at 9200 NW 39th Avenue is a business known as "Mail Boxes and More" and can be found online at https://www.mailboxesandmore365.com/. A private leaseholder with a 9200 NW 39th Avenue, Suite 130, address is provided a mailbox number. Yet the mailbox number for Delta 7 was omitted from Delta 7's annual report, rendering service of process of Delta 7 impossible at the 9200 NW 39th Avenue, Suite 130, address.

not usually at the office, that he is in Bradenton, Florida, and that he only comes to the office "on and off."

8. I was permitted to view both the inside and the outside of Attorney Markow's office and found the door standing wide open with no paperwork or files indicative of an active office.

9. Based on Moreno's representations that there was no expectation of Markow's return to the office and that he could be found at his residence in Bradenton, FL, I subsequently looked for Attorney Markow's home address, which I found roughly 187 miles away from his Gainesville law office.

10. That distance was cost prohibitive, so I subcontracted a licensed Florida private investigator and certified process server in Bradenton, Florida, to serve process at Attorney Markow's homestead residence.

11. That licensed Florida private investigator and certified process server was Jay M. Titen, FDACS license #C-3200538 who served process on August 9, 2025, at Attorney Markow's homestead residence.

12. Several of the representations made by Markow in his declaration are made out of whole cloth.

13. Markow claims that I "refused to provide any information about the case or the parties [I] was attempting to serve." ECF No. 127-1 ¶ 6. Yet I clearly told Attorney Moreno that I was attempting to serve Richard Markow. Moreno

neither asked for further identifying information, nor would I be permitted to provide information about the case to an uninvolved third party, especially a third party who confirmed he has no business relationship with Markow with the exception of a landlord/tenant relationship and does not know when Markow might return to the office.

14. Markow also represents that Moreno called him to ask if Moreno was authorized to accept service but that I did not provide identifying information and that when Moreno attempted to hand me the phone I left. *Id.* ¶ 6. Moreno made no such call while I was present, never asked for further identifying information, and never attempted to hand me the phone.

15. Any call by Moreno to Markow *after* I left the scene would be moot and have no bearing on Markow's claim that he was called by Moreno "to ascertain if he was authorized to accept service of process." ECF No. 127-1 ¶ 6.

16. Photos taken of service at Markow's residence invalidate Markow's claim that the documents were laid on his porch. Instead, they were handed to Markow's wife when Markow refused to come to the door.

17. Markow goes on to represent that he contacted the sheriff's office to claim trespass. On October 30, 2025 at 2:55 PM, I contacted the Manatee County Sheriff's Office and spoke with Deputy Sheriff Gesiorski. I requested to review the CAD history for Markow's residential address where he was served process.

Deputy Sheriff Gesiorski advised that any caller attempting to report a trespass against a lawful process server will be informed that process servers are not trespassing when knocking on a residential door to serve lawful process, and as such, no report will be taken and any call for service will result in an explanation and education to the complainant.

18. Deputy Sheriff Gesiorski stated his review of the CAD history shows no calls for service at the address 3514 Big Sky Way in Bradenton, FL, or any calls for service from any address on Big Sky Way in Bradenton. Deputy Sheriff Gesiorski then suggested that I speak with the sheriff's Records Division as they may have access to additional records of dispatch that he does not have access to. Deputy Sheriff Gesiorski then transferred me to the Records Division.

19. I spoke with Records Division Supervisor Karen Hass and she researched both the address of 3514 Big Sky Way in Bradenton, FL, any numerical address on Big Sky Way, and any call for service received from the name "Richard Markow." Ms. Hass advised that the Records Division has no record of any calls for service from the address 3514 Big Sky Way in Bradenton, or any calls for service from "Richard Markow."

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on  11-11-2025

By: _____
Frank Curcio