# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC.,

    Plaintiff,

v.                                             CASE NO. 1:25cv181-RH-MAF

BIG DADDY ENTERPRISES, INC. et al.,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE THE MOTION TO ENFORCE THE INTERIM PRELIMINARY INJUNCTION AWARD, VACATING THE DEFAULT AGAINST C&C, COMPELLING ARBITRATION AS TO C&C, DENYING THE MOTIONS TO SEAL, AND REQUIRING THE DEFENDANTS TO REIMBURSE THE PLAINTIFF FOR THEIR SHARE OF THE ARBITRATOR'S FEE

This order confirms rulings announced on the record of a combined hearing in this case and related Consolidated Case No. 1:21cv149 on February 13, 2026.

Prior orders have required arbitration of all claims except those against the defendant C&C Holdings Group LLC ("C&C"), a now-canceled Delaware limited liability company. *See* ECF Nos. 107, 113, & 133. The plaintiff filed this action before C&C's cancellation, and C&C's current attorney knew of the action, but

C&C filed its notice of cancellation before the plaintiff served process on C&C's registered agent. Under Delaware law, which controls on this point, service on a canceled limited liability company cannot be made on a registered agent, because the registered agent's tenure ends upon cancellation. *See In re VBR Agency, LLC*, 274 A.3d 1068, 1076 (Del. Ch. 2022); *see also Tratado de Libre Commercio, LLC v. Splitcast Tech., LLC*, No. 2019-00014, 2019 WL 1057976 (Del. Ch. Mar. 6, 2019). This is so even if, as the plaintiff contends happened here, the canceled company did not make adequate provision for payment of past or future claims as required by Delaware law. *See In re Reinz Wis. Gasket, LLC*, No. 2022-0869, 2023 WL 2568326 (Del. Ch. Mar. 20, 2023); *see also Metro Commc'n Corp. v. BVI Advanced Mobilecomm Techs., Inc.*, 854 A.2d 121, 139–40 (Del. Ch. 2004).

The record in this case reflected service on the registered agent but did not reflect the cancellation, so when the plaintiff applied for a default based on C&C's failure to answer or otherwise defend, the clerk entered a default. As it turns out, service was defective. This order vacates the default and—as both sides agreed would be proper if the default was vacated—compels arbitration. *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (holding failure to perfect service is good cause to vacate an entry of default); *see also* ECF No. 133 at 6 (citing *ACF-AI Origination, LLC v. Tiendas Soriana S.A. de C.V.*, No. 24-cv-22606, 2025

WL 1179356, at *4 (S.D. Fla. Apr. 22, 2025)). The effect of C&C's cancellation on any other issue in this action is a matter for the arbitrator.

The arbitrator has entered an interim preliminary injunction award. The plaintiff has moved to enforce it. The defendants assert the motion is premature because the arbitrator has ordered briefing on whether a bond should be required. This order denies the motion to enforce the award without prejudice to renewal when the arbitrator rules on the bond issue.

The parties have submitted materials with redactions or for filing under seal. Both sides assert, however, that none of the materials should be sealed; they have proceeded in this manner only to avoid any assertion that unredacted filings on the public docket would violate their settlement agreement in the related cases or would otherwise be improper. The parties have not attempted to overcome the presumption that judicial records—materials filed for consideration by the court on a pending issue—are public. *See, e.g.*, *Laudig v. Int'l Bus. Machs. Corp.*, No. 1:21-cv-5033, 2022 WL 18232706 at *3–4 (N.D. Ga. Dec. 16, 2022) (collecting cases). Without more, neither the parties' agreement to keep materials confidential nor the materials' relationship to an ongoing confidential arbitration proceeding is a sufficient basis for sealing. *Id*. at *5–7.

The plaintiff asserted at the hearing, and the defendants did not deny, that the defendants did not pay their share of the arbitrator's fee, requiring the plaintiff

to pay the entire fee so that it could proceed with its claims. This order requires the defendants to reimburse the plaintiff for the amount the defendants should have paid.

IT IS ORDERED:

1. The motion to enforce the interim preliminary injunction award, ECF No. 137, is denied without prejudice.

2. C&C's motion to vacate the default and compel arbitration, ECF Nos. 139 and 144, is granted. The default, ECF No. 120, is vacated.

3. The plaintiff and C&C must submit the claims between them in this action to arbitration in accordance with the order of September 18, 2025, ECF No. 113. That order's requirement for status reports applies to these parties. All claims in this action between these parties are stayed pending arbitration.

4. The motions to seal, ECF Nos. 138, 145, 148, and 149, are denied. The clerk must unseal the filings addressed in the motions and must docket unredacted versions of those filings that have been or in the future are received.

5. The defendants, jointly and severally, are ordered to reimburse the plaintiff for the defendants' one-half share of arbitration fees previously paid by the plaintiff. The deadline to do so is February 27, 2026. The defendants, jointly and severally, are ordered to pay the provider by the due date one-half of any

future arbitration fees. This order does not affect any award of costs or attorney's fees by the arbitrator or the court.

SO ORDERED on February 17, 2026.

s/Robert L. Hinkle  
United States District Judge