UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RARE BREED TRIGGERS, INC., a
Texas corporation,

    *Plaintiff*,

v.

BIG DADDY ENTERPRISES, INC.,
et al.,

    *Defendants*.

Case No. 1:25-cv-00181-RH-MAF

## MOTION TO CONFIRM INTERIM ARBITRATION AWARD

Plaintiff Rare Breed Triggers, Inc. ("RBT") respectfully moves the Court to confirm the interim preliminary injunction award granted in its ongoing arbitration with Defendants pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and in support thereof includes the following Memorandum of Law.

### MEMORANDUM OF LAW

### BACKGROUND

Plaintiff RBT filed the complaint initiating this matter on July 1, 2025 (ECF No. 1). On November 18, 2025, the Court entered an order compelling RBT and certain Defendants—Big Daddy Enterprises Inc., Big Daddy Unlimited Inc., Wide Open Enterprises LLC, We Got Amo Inc.; Anthony McKnight, Sherrie McKnight, Douglas Rios, Malcolm Brown, Lea Andreoli, and Atrius Development Group

Corp.—to arbitrate RBT's claims. (ECF No. 113). The parties subsequently entered arbitration with JAMS (the "Arbitration").

On January 20, 2026, the arbitrator entered an interim preliminary injunction award in RBT's favor prohibiting Defendants "Anthony McKnight, Sherrie McKnight, Douglas Rios, and Performance Triggers, Inc., their officers, agents, directors, affiliates, legal representatives, employees, successors, heirs, assigns, individually or collectively" (together, the "Enjoined Defendants") from "engaging in the manufacture or sale of forced reset triggers, or any parts that could be used in a forced reset trigger, including, but not limited, to the: (1) Partisan "The Disruptor"; (2) Super Selektor; (3) 3 Position Forced Reset Safety for AR-15; (4) Super Safety Kit; and [5] Taurus TX22, until otherwise ordered by this Arbitration Tribunal." Interim preliminary injunction award attached as **Exhibit 1** (filed under seal).

Following the entry of the interim preliminary injunction award, the Enjoined Defendants have not ceased prohibited sales conduct. *See* **Exhibit 2** (filed under seal). To the contrary, after RBT filed multiple letters with the arbitrator raising the issue of the Enjoined Defendants' continued sales in violation of the interim preliminary injunction award, the Enjoined Defendants *further discounted* the products they were prohibited from selling, thus encouraging *even greater* prohibited sales. Ex. 2 at 58-59.

## LEGAL STANDARD

Under § 9 of the FAA, a party to arbitration may apply to a court for an order confirming and enforcing an arbitration award, provided that the application is made within one year of the award. 9 U.S.C. § 9 This applies to both final awards and interim awards granting the equivalent of a preliminary injunction. *See Vital Pharms. v. Pepsico, Inc.*, 528 F. Supp. 3d 1304, 1308 (S.D. Fla. 2020) (holding that an interim preliminary injunction award is "sufficiently final to be confirmed under the FAA" and collecting cases).

If the court has jurisdiction over the matter, it must confirm such an arbitration award unless it is vacated, modified, or corrected pursuant to the FAA. 9 U.S.C. §§ 10-11; *see Vital Pharms.*, 528 F. Supp. 3d at 1307 ("Section 10 of the FAA permits vacatur of an arbitration award only where" the arbitrator has engaged in certain acts of proscribed conduct); *Procraft of S. Fla., LLC v. Kryton Corp., Inc.*, No. 03-80975-Civ-Hurley/Hopkins, 2006 U.S. Dist. LEXIS 106908, at *10 (S.D. Fla. Jan. 19, 2006) ("A confirmation proceeding under the FAA is intended to be summary, and a Court may only deny confirmation where the award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act") (citing *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)).

The scope of FRCP 65(d) attaches to federal court orders confirming an arbitrator's preliminary injunction. *Int'l Longshoremen's Ass'n v. Phila. Marine*

*Trade Ass'n*, 389 U.S. 64, 74-76 (1967) (ruling inadequate a district court order enforcing an arbitrator's preliminary injunction when the order failed to comply with FRCP 65(d)). In *Dramatic Publ'g Co. v. Carter*, 608 F. Supp. 3d 618, 627–28 (N.D. Ill. 2022), the court noted that modifying an arbitrator's award to incorporate FRCP 65's scope "is essentially a simple matter of form." This is because FRCP 81(a)(3) mandates the application of the Federal Rules of Civil Procedure in proceedings under the FAA so long as the procedure is not provided in that statute, and the "FAA does not provide any further procedure relating to injunctions that might otherwise cover the subject matter of Rule 65." *Id.* at 628. Accordingly, the court's order confirming the arbitration award "will be subject to Rule 65 and necessarily bind those in active concert." *Id.*

## ARGUMENT

RBT was granted an interim award in the Arbitration prohibiting the Enjoined Defendants from sales of FRTs and FRT parts less than one year ago. *See* Ex. 1. The Court has confirmed its jurisdiction over this matter and the Enjoined Defendants. ECF No. 113 at 7. Under the FAA, RBT is entitled to an order confirming the interim award granted in the Arbitration and enforcing it through an equivalent preliminary injunction (*see* redacted proposed preliminary injunction attached as Exhibit 5, the scope of to whom it applies being modified to comply

4

with FRCP 65; unredacted copy file under seal). *Vital Pharms.*, 528 F. Supp. 3d at 1308. Pursuant to 9 U.S.C. § 13, RBT attaches the following:

- The Settlement Agreement containing the provision (§ 15) authorizing the arbitration (Exhibit 3);
- The Court's order directing the parties to engage in arbitration (ECF No. 113) (Exhibit 4);
- The interim award granted to RBT in the Arbitration (Exhibit 1).

## CONCLUSION

For the foregoing reasons, RBT requests the Court enter an order confirming the interim arbitration award and a preliminary injunction prohibiting the Enjoined Defendants from engaging in sales of FRTs and FRT parts.

Dated: January 29, 2026

        **CONTARINO ROTH LLC**

By:   */s/ Josiah Contarino*
Jacob William Roth (Bar No. 1036551)
Josiah Contarino (admitted PHV)
Contarino Roth LLC
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
561-872-6508
JRoth@ContarinoRoth.com
JContarino@ContarinoRoth.com

WOOD HERRON & EVANS LLP

By:   */s/ Glenn D. Bellamy*
Glenn D. Bellamy
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati. Ohio 45202
gbellamy@whe-law.com
*Attorneys for Plaintiffs*

### CERTIFICATE OF CONFERRAL

I certify that in emails dated January 22, 2026, I conferred with counsel for Defendants about the requested relief, and counsel advised that Defendants would oppose the motion to confirm. I certify that in emails dated January 27 and 28, 2026, I sent counsel for Defendants a draft of this motion with proposed redactions and counsel for Defendants reviewed and approved the proposed redactions, which are made in connection with the companion motion to seal, which counsel for Defendants does not oppose.

                                                    */s/ Josiah Contarino*
                                                      Josiah Contarino

### LOCAL RULE 7.1(F) CERTIFICATION

Undersigned counsel for Plaintiff RBT certifies that this memorandum complies with Local Rule 7.1(F) because it contains 892 words, excluding those portions exempted by the rule.

                                                    */s/ Josiah Contarino*
                                                      Josiah Contarino

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1(F)(1), with respect to Defendants, this filing and its attendant papers are being served through an electronic filing system and will be received by an attorney listed as representing Defendants

>/s/ *Josiah Contarino*
> Josiah Contarino



◄ Insert shipping document here.



**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination by packing your items securely. Need help? Go to fedex.com/packaging for packing tips.

Check your FedEx Express shipping document, the current FedEx Service Guide, or the conditions of carriage for complete terms, conditions, and limits of liability.

© 2023 FedEx 155475/155476 REV. 11/23


PAP 21

Please recycle. See how we are connecting the world in responsible and resourceful ways at fedex.com/sustainability. Recycling options may vary by location.


Made from 100% recycled paperboard

Scan to learn how we can help make Earth a priority together.

03/15/24 20:36